### BURTON VS. HYNSON ET AL.

Where a defendant sued at law makes defence there, though of an equitable char-
acter, if it be such as courts of law at this day take cognizance of, he is consi-
dered as electing to defend at law, is held to that election and cannot, after-
wards, seek relief in chancery in respect of the same matters; unless he be pre-
vented from making his defence by unavoidable accident, ignorance of facts,
surprise or fraud.

If the defendant make any defence at law, he is bound to make his whole defence
there; of every matter of which he could have availed himself in a court of law.

A complainant cannot come into chancery and set up an accord fully executed by
the acceptance of property in satisfaction of a debt due, upon the ground that
the accord and satisfaction were not available to him at law, when he had plea-
ded the same matter in the suit at law by way of set-off, and relied upon it as,
in effect, a payment.

Chancery will not relieve against a suit at law, because the defence may have been
unskilfully managed, through ignorance or design, by the attorney who con-
ducted the defence at law.

*Appeal from the Circuit Court of Independence county in Chancery.*

The Hon. W. H. NEELY, Circuit Judge, presiding.

FOWLER, for the appellant.

BYERS & PATTERSON, contra, contended that the bill does not
present such a case, as a court of equity can take jurisdiction of.
An injunction will not be granted against a judgment at law,
upon grounds that were available at law. *Danl. Pl. & Pr.* 1840.

4 *Hen. & Munf.* 553. 2 *J. C. R.* 230. 7 *Cranch* 332. *Blake's Ch. Pr.* 334. *Story's Eq., secs.* 893 *to* 896: or because there has been a mistake in the conduct of a cause. *Danl. Ch. Pl. & Pr.* 1841. 1 *J. C. R:* 320. 14 *Ves.* 31: that equity will not relieve after a trial at law, except upon grounds of which the party could not avail himself at law, or where he was prevented from doing so, by fraud, accident, or the act of the other party, unmixed with negligence, or fault on his part. *Dugan vs. Cureton,* 1 *Ark.* 31;.nor where the party had an adequate remedy at law. *Mencfee's ad. vs. Ball,* 2 *Eng.* 520. *Garvin et al. vs. Squires,* 4 *Eng.* 533.

Mr. Chief Justice WATKINS delivered the opinion of the court:

The bill of complaint of the appellant seeks to enjoin a judgment at law, obtained against him in the Independence Circuit Court, by the defendant, Hynson. The bill sets out a history of the proceedings at law, which are, in substance, as follows: That on the 19th of September, 1842, Hynson commenced suit against the complainant on a writing obligatory, executed by him to Hynson, at Dec. Term 1842, he pleaded to the action; 1st, payment; 2d, that the plaintiff was indebted to him, in the sum of four thousand dollars, for a house and lot in the town of Batesville, sold and delivered to him, and for divers moneys lent and advanced, for merchandize sold, and for medical services rendered by him to the plaintiff; 3d, that after the writing obligatory had become due and payable, in pursuance of a mutual agreement between them, the defendant gave up to the plaintiff a house and lot then owned and possessed by the defendant, and which the plaintiff accepted in full satisfaction of the writing obligatory in question. Issues were formed upon the first two pleas, and the last one was adjudged bad on demurrer. At Aug. term 1843, the defendant pleaded, that since the commencement of the suit, the plaintiff had been declared a bankrupt, pursuant to the provisions of the act of Congress, whereby all his property and rights in action had become vested in his assignee, who alone had the right to recover the debt then in suit, for the bene-

fit of the creditors of such bankrupt. To this plea the plaintiff replied, that, on the 1st September, 1842, before he became bankrupt, and more than two months before the filing of his petition, he sold and delivered the writing obligatory in question, to James Pope and William Byers, for a valuable consideration, in good faith, and without any notice on their part, of his intention to become a bankrupt; and that the suit upon the writing obligatory had been brought, and was pending in his name for their use and benefit. Upon demurrer sustained to this replication, judgment went against the plaintiff, from which, he appealed to this court, by whose decision that judgment was reversed, and the cause remanded: that such further proceedings were had: that, at August term 1844, the plaintiff obtained a rule against the defendant to file a bill of particulars of his set-off, and at February term, 1845, the defendant applied for leave to file an amended plea of accord and satisfaction, but there being no answer to the replication to the plea *puis darrien continuance*, on the plaintiff's motion, the court entered final judgment against the defendant for want of a plea, that the plaintiff recover his debt specified in the writing obligatory with damages and costs of suit.

The complainant represents that when the plea *puis darrien continuance* was filed, the attorney whom he had originally retained, was not in attendance upon the court, and he reluctantly yielded to the advice of the attorneys, then conducting his defence, to interpose such plea, whereby, as it turned out, he lost the benefit of his other defences, such plea being held a waiver of the previous pleas on file in the cause; whereas he alleges those pleas were true, and that he could then and yet establish the same by proof; and proceeds to claim the benefit of such defences, which are again set up in the bill. He represents that the alleged transfer of the writing obligatory, sued for at law, to Pope and Byers, was a mere pretence and without consideration. The bill prays for discovery, and for an account of the dealings between the complainant and Hynson, and that he and the other defendants be enjoined from having execution of the judgment at law. The bill is not sworn to, and no injunction was ever granted.

Hynson answered, denying all the material allegations in the bill; he exhibited the account current, in settlement of which the complainant had executed the writing obligatory in question. As to the house and lot, he represented the facts to the effect that the complainant had bought the lot in the name of his son Philip, who gave his notes for the purchase money, and obtained a bond for title.    That complainant went on to improve the lot; but that he, the defendant, in fact made the improvements and built the house referred to, and that with the exception of an inconsiderable sum paid by the complainant, he had advanced all the money to pay for the work and materials, and for which he produced the vouchers : that after a time, and with the consent of the complainant, he sold the house and lot, and of the proceeds a part was applied to the payment of the original purchase money of the lot, a part was received by Philip Burton, and the residue went to pay certain debts of the defendant, but the amount received by him was not more than sufficient to re-imburse what he had expended upon the buildings, and the sale of the house and lot had no connection with the writing obligatory in question, and was not any payment or extinguishment of it.    He answered that he had transferred the writing obligatory to Pope and Byers in good faith, and in payment of certain debts which he owed them.

The answer of Byers set out the transaction attending the transfer by Hynson of the complainant's obligation to Pope and himself, and avers that it was absolute and *bona fide* in payment of debts which Hynson owed them.

Walker, the administrator of Pope, answered, that he had no personal knowledge of the matters in controversy, but claimed the benefit of the judgment at law, upon his information that the writing obligatory sued upon had been transferred to his intestate and William Byers.

The defendants, Byers and Hynson, insisted that the complainant was not entitled to relief in chancery, in respect of the matters set up in the bill, because he might have availed himself of the

same matters in defence of the suit at law, and they relied on this objection by way of answer to the bill.

The cause was heard upon the pleadings and depositions on file, and a final decree entered dismissing the bill.

We are clearly of opinion that the complainant, upon the allegations contained in the bill, is not entitled to be relieved in chancery against the judgment at law. In the case of *Hempstead and Conway vs. Watkins*, 1 *Eng*. 317, where this subject is much discussed, the principle decided is this: that wherever chancery anciently had jurisdiction, it is not ousted of it, because courts of law have assumed jurisdiction of any of those subjects, so as to afford relief in like cases ; and that in such cases the defendant is not bound to defend at law (as he would be when the defence is purely legal) but he may elect not to defend at law, suffer judgment there and then make his defence in a court of chancery, to be relieved against the judgment. We are not called upon now to question the correctness of that decision, or to enquire what results it would lead to, if the principle there asserted be carried out in all its consequences. But that case concedes and it is no where doubted, that if a defendant, sued at law, make defence there, though of an equitable character, if it be such as courts of law at this day take cognizance of, he is considered as electing to defend at law, is held to that election, and cannot afterwards seek relief in chancery in respect of the same matters; unless indeed, he be prevented from making his defence by reason of some unavoidable accident, ignorance of fact, surprise or fraud, and then he is admitted to obtain relief in chancery, sometimes in the shape of a bill for new trial, without regard to whether the defence, of which he was so deprived without any fault or neglect of his, be of a legal or equitable character.

Admitting therefore, that the plea of set-off comes within the case of *Hempstead and Conway vs. Watkins*, as being a defence of which courts of equity anciently had cognizance, the complainant, by pleading it at law, is precluded from availing himself of

that defence in chancery, in order to be relieved against the judgment at law, and the case then goes farther, holding that if the defendant make any defence at law, he is bound to make his whole defence there; that is, every matter of defence of which he could have availed himself in a court of law.

Neither could the complainant come into chancery upon the ground that the accord and satisfaction set up was not available to him at law. And this for several reasons. It is the same matter as that pleaded by way of set off, and relied on as, in effect, a payment. Whether the plea was well or ill pleaded, and whether the demurrer was properly sustained, we will not enquire. Enough appears on the face of the plea and the allegations of the bill, to show that the alleged accord and satisfaction does not come within the decision in *Levy vs. Very*, 7 *Eng*. 148, which is not to be extended beyond the point actually decided that at law an executory contract under seal, is not satisfied by the acceptance of an executory promise not under seal, to perform the same debt or duty, even though the consideration be the present payment of part of the debt, and the shortening of the time, by the terms of the parol promise, for the payment of the residue. The defence here was an accord fully executed by the acceptance of property in satisfaction of a debt due. The complainant does not claim any right to relief in equity, because this defence was not cognizable at law, but claims to be relieved because he was deprived of the benefit of it by the effect of the plea *puis darrien continuance*.

The law of the case, as to the complainant's legal rights, is settled by the decisions of this court in *Hynson vs. Burton*, 5 *Ark*. 492, and *Burton vs. Hynson*, 1 *Eng*. 502. The excuse for coming into chancery is, that the complainant's attorneys, who conducted his defence to the original suit at law in the Circuit Court, either through ignorance or design, managed the case unskilfully. There would be no end of litigation and no security in the due enforcement of contracts, if the solemn judgment of a court of competent jurisdiction could be set aside, or the successful party restrained from executing it, upon grounds which do

not imply any fault in the party obtaining the judgment, nor any error of the court in rendering it.

But in truth the allegations of the bill as to the absence of the counsel on whom the complainant relied, and the want of skill in those who conducted his defence to the suit at law, are wholly unsustained by proof. And so, although in our opinion, the bill was rightly dismissed at the hearing for want of jurisdiction, we think there would be no good reason, upon a careful examination of the testimony, to doubt the correctness of the decree upon the merits.

The decree will be affirmed.

WALKER, J. not sitting.