## VERY VS. WATKINS ET AL.

To an action upon a recognizance, entered into on appeal from a judgment of the Circuit Court, which was affirmed, the defendants pleaded, that the plaintiff had filed a bill in chancery to foreclose a mortgage given by the defendant in the judgment to secure the payment of the same bond on which the action at law was founded and the original judgment recovered, and in the decree upon that bill the Court compelled the plaintiff to execute and perform an agreement, which his agent had previously made, with the defendant, to take goods, etc., in satisfaction of the mort‑gage debt: and the debt by the terms of the decree was so discharged and extinguished: *held*, that the effect of the decree was to extingush the debt upon which the judgment at law was rendered; and that the plea was a good defence to the action upon the recognizance.

A creditor may proceed by bill in equity to foreclose a mortgage given to secure the payment of a bond, and at the same time by action at law upon the bond: and though he can have but one satisfaction, he is entitled to his costs in both Courts.

The plaintiff, in an action upon an appeal recognizance, assigned as breaches the non-payment of the debt and interest, and also of the costs on the appeal: the defendants pleaded payment, and also a special plea showing satisfaction of the debt and interest only: *held* that the plaintiff might have taken a default for the costs, subject to the final judgment on the plea of payment; but that he is not entitled to a reversal because of his own failure to obtain such judgment.

*Appeal from the Circuit Court of Pulaski county.*

The Hon. WILLIAM H. FEILD, Circuit Judge.

FOWLER for the appellant.

WATKINS & GALLAGHER contra.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of debt upon an appeal recognizance, brought by Martin Very against George C. Watkins and Ebenezer Cummins, in the Pulaski Circuit Court.

The declaration alleged, in substance, that on the 18th day of June, 1849, the plaintiff recovered a judgment in the Pulaski Circuit Court, against Jonas Levy, in an action of covenant, for $2,680 17 damages, and $12 79 costs. That Levy appealed from the judgment to this Court, and entered into an appeal recognizance with the present defendants, Watkins and Cummins, as securities, in the penal sum of $3,500, conditioned according to law, etc., which is the recognizanc declared on.

Special breach—That on the 18th of Oct., 1851, this Court affirmed the judgment, with costs against Levy, amounting to $16 37. And that neither he, nor the defendants, had paid the damages and costs adjudged against him in the Circuit Court, nor the costs adjudged against him by this Court.

The defendant interposed four pleas:

1st. Payment by Levy of the judgment of the Circuit Court, interest and costs, and the costs in this Court, etc.

2d. A special plea, as follows: " *Actio non*, etc. Because they say that heretofore, to wit, on the 12th day of December, 1847, the said plaintiff filed his bill in chancery in the Circuit Court of the United States for Arkansas district, against said Jonas Levy (wherein, also, by an amendment, George C. Watkins was made co-defendant,) and therein and thereby, amongst other things, prayed to have an account taken of the amount and balance of principal and interest due said plaintiff on and in respect of the same identical writing obligatory and cause of action, whereon and in respect whereof, said judgment, in said recognizance mentioned, was rendered: and on, and in respect of a certain mortgage, given by the said Jonas Levy to secure the payment of said writing obligatory and interest; and that said Jonas should be decreed to pay said plaintiff such balance as should be found due: and in default thereof all equity of redemption in the property mortgaged should be foreclosed and barred, and that the mortgaged premises might be sold to satisfy such sum as should be found due, with interest and costs, and for general relief—and said Jonas was impleaded in said Court on and in respect of the premises aforesaid, and appeared and filed his answer therein, and made his defence: and such pro-

ceedings were had in said cause, that on the 15th day of July, 1850, it was, among other things, adjudged and decreed by said Court that by his, the plaintiff's, agreement, bearing date the 3d day of March, 1843, made by his agent and attorney in fact, John L. Davis, with said Jonas Levy. whereby he agreed to receive in goods, such as jewelry, etc., the balance unpaid on the obligation and mortgage of the said Jonas, assigned to said plaintiff by Darwin Lindsley, to be delivered to him, or any agent of his, at Little Rock, Arkansas, at reasonable prices, at said Little Rock, to bé called for within twelve months from the date of said agreement, as also by the conduct of himself and his said agent in the premises, said plaintiff *became bound in equity to accept* and receive of said Jonas Levy, in satisfaction of the unpaid residue of the demand in that behalf in controversy, goods such as were mentioned in, or contemplated or embraced by, said agreement, if said Jonas had such goods at his residence, store or place of doing business at Little Rock for that purpose, ready to be there delivered to said plaintiff or any agent of his at reasonable prices, etc. And that under the circumstances said plaintiff was precluded and estopped in equity from repudiating the act of his said agent in making said agreement: and that it was sufficiently proven therein that said Jonas did, within twelve months from the date of said agreement of March 3d, 1843, have and set apart at his residence and place of doing business, at Little Rock aforesaid, for the satisfaction of said unpaid residue of the principal and interest of said demand, a sufficiency of goods, etc., as contemplated by said agreement: and thence forward had kept the same ready for delivery as aforesaid, until they were at that time placed in the hands of the receiver of that Court, subject to the order and control of said Court; but the value of the goods so set apart not being sufficiently proven, it was further ordered and decreed that an account should be taken of the amount of such unpaid balance of said demand, on the 3d of March, 1844, after deducting the credits, and also that an inventory and account should be taken of said goods, etc., so set apart, and their value, according to the terms of said agreement on the 3d day of March

1844; and that the master should strike a balance between the value of the goods so placed in the receiver's hands, and such residue and balance of said debt; and Luke E. Barber was appointed the master in said cause to take such account and inventory, and report to the Court in respect thereof—and such proceedings were further had in said Court, that, heretofore, to wit, on the 29th July, 1850, the master in chancery in that Court, before then duly appointed for that purpose, filed his report in that cause, whereby it appeared and was made manifest, that on the 3d day of March, 1844, the amount due said plaintiff, in respect of said writing obligatory, and interest, was the sum of $2,002 59, and the excess in value of goods and property tendered, held and placed in the hands of the receiver of that Court, by said Jonas, to meet and pay said sum and interest, in pursuance of an agreement and contract therefor made, and which goods and property were, by the terms of said contract, to have been paid and delivered on the 3d day of March, 1844, and were then tendered, and ever after held in readiness by said Jonas for that purpose, over the amount of such principal and interest due in respect of said writing obligatory, was the sum of $774 40—which report was by the order and decree of said Court confirmed—and in a further report of said master in chancery, in pursuance of an order of said Court in that behalf, filed in said Court, on the 13th August, 1850, the said master set apart specifically and fixed the amount and value of the goods and property so tendered, and in the hands of the receiver of said Court, in that behalf duly appointed, of sufficient value to equal and pay, and extinguish the entire balance of principal and interest due on and in respect of said covenant, or writing obligatory, on said 3d day of March, 1844; which report was, by said Court, also, in all things confirmed. And afterwards, to wit, on the 15*th day of August*, 1850, in said Court, and by the consideration, decree and judgment of said Court, it was decreed and declared, among other things, that the goods specified in said last mentioned report of the master should be delivered to the said plaintiff on demand, by the receiver of said Court, and that said plaintiff should receive the same in satis-

faction and full discharge of the residue unpaid on the said bond and mortgage, upon which that suit was founded, to wit: the said sum of $3,002 59, found to be due and unpaid on said bond and mortgage on said 3d day of March, 1844; and that the bond and mortgage aforesaid were discharged and satisfied, and that by such satisfaction the property mortgaged was absolved and released from the lien of said mortgage and liability aforesaid, and that the relief prayed should be denied, and that the said bill should be and was thereby dismissed; and that the plaintiff, (complainant in that suit) should pay the said Jonas all his costs in and about said suit laid out and expended, to be taxed by the clerk, as will more fully and at large appear by reference to said proceedings, which decree remains and stands in full force and effect, not in anywise reversed, set aside or annulled. And so said defendants in fact say that the said judgment of said Circuit and Supreme Courts, and said recognizance, are fully extinguished and satisfied, and said plaintiff by the decree and proceedings aforesaid, is estopped and debarred from suing upon, prosecuting or recovering the same or any part thereof. And this they are ready to verify; wherefore they pray judgment, etc."

3d Plea,—*nul tiel* record.

4th. A special plea beginning thus: " and as to the said declaration, and so much thereof as alleges, as a breach of the condition of said recognizance, the non-payment of the judgment, interest and costs of said Circuit Court, and claims to recover the same, said defendants say *actio non*, etc.; because they say," etc.

Then the plea sets out the proceedings and decree in the Circuit Court of the United States, by which Levy was discharged from the obligation, etc., on which the judgment of the Pulaski Circuit Court was founded, etc., substantially as alleged in the third plea, and concludes as follows:

" And so said defendants further say, that said costs of said suit in said Circuit Court in said recognizance mentioned, were fully paid said plaintiff before this suit was instituted, to-wit: on the ——— day of February, 1852.

" And said defendants say that said judgment, costs and interest of said Circuit Court, have been, by reason of the premises, fully paid, discharged and satisfied. And this they are ready to verify; wherefore they pray judgment," etc.

Replications were filed by the plaintiff, and issues made up to the *first* and *third* pleas. The plaintiff demurred to the *second* and *fourth* pleas: the Court overruled the demurrers: and the plaintiff declining to reply to the pleas, and electing to rest upon the demurrers, final judgment was rendered discharging the de-defendants.

The plaintiff appealed to this Court.

1. The principal objection made by the demurrers to the 2d and 4th pleas, and urged by the counsel for the appellant, here, as a fatal objection, is, that the matter set up by the pleas should have been interposed by Levy as a defence to the original suit in the Pulaski Circuit Court; and he having failed so to do, the judgment was conclusive; and the matter, if available as a defence at all to the securities in the recognizance, would have to be asserted by a bill in chancery upon proper allegations of equitable circumstances such as fraud, mistake, etc., etc.

The authorities cited by the counsel for the appellant establish the familiar general rule, that where a pary is sued at law, if he neglects to interpose any available legal defence which he may have to the action, he cannot afterwards resort to a Court of equity to be relieved against the judgment at law, on the grounds of the matter of such legal defence which he so neglected to interpose, etc. See *Hempstead et al. vs. Watkins adr.* 1 *Eng. R.* 317. *Burton vs. Hynson et al.* 14 *Ark.* 32.

But it appears from the allegations of the declaration, that the original judgment of the Pulaski Circuit Court against Levy was rendered on the 18th of June, 1849; and the pleas allege that the decree in the United States Circuit Court in chancery, relied upon as extinguishing the judgment at law, was finally rendered on the 15th of August, 1850. The decree therefore being subsequent to the judgment, of course Levy could not have pleaded the decree as a bar to the recovery of the judgment.

If the counsel for the appellant means to insist, as he does perhaps, that the agreement (an executory accord, etc.,) between Very and Levy, upon which the decree was founded, and which it compelled Very to execute, should have been interposed by Levy as a defence to the original suit in the Pulaski Circuit Court, the answer is, that it would seem that such agreement was strictly of equitable cognizance, and would not have been available as a legal defence. See *Levy vs. Very.* 7 *Eng. R.* 148. *Burton vs. Hynson et al.*, 14 *Ark.* 32.

The substance of the defence set up by the pleas, is this: that Very filed a bill in the Circuit Conrt of the United States in chancery to foreclose a mortgage given by Levy to secure the payment of the same bond on which the action at law was fonnded and the original judgment recovered: and in the decree upon that bill, the Court compelled Very to execute and perform an agreement, which his agent had previously made with Levy, to take goods, etc., in satisfaction of the mortgage debt; and the debt, by the terms of the decree, was so discharged and extinguished.

The effect of this decree was to extinguish the very debt upon which the judgment at law was founded. It was rendered, as above observed, subsequent to the recovery of the judgment, by a Court of competent jurisdiction, and must be regarded as conclusive upon the parties, etc.

If Very had obtain a decree of foreclosure and sold the mortgaged property for the full amount of the debt, it would not more effectually have extinguished the judgment at law based upon the same debt, than did the decree which was rendered by the Court, compelling him to take the goods, etc., in satisfaction of the debt, according to the terms of his agreement.

Very had a right to bring an action at law upon the bond, and to proceed also in equity to foreclose the mortgage, but he could have but one satifaction of the debt.

The original judgment (for the debt and interest) being thus satisfied and extinguished, the appeal recognizance, upon which the appellees in this case were sued, being but an incident to

the judgment, was also thereby extinguished *pro tanto*, and the appellees were no longer liable thereon for the payment of the debt, etc.

2d. The second, and only further objection taken to the pleas, is, that' they do not answer so much of the breach assigned in the declaration as alleges the non-payment of the costs of the Circuit and Supreme Courts, and especially the latter, for which, it is insisted, the appellees are liable at all events upon the recognizance.

As above remarked, the appellant had the right to bring an action at law against Levy upon the bond, and at the same time to proceed by bill in equity to foreclose the mortgage given to secure the bond. 1 *Lomax Dig.* 397. *Smith et al. vs. Robinson*, 13 *Ark.* 538. *Sullivan vs. Hadley et al.*, 16 *Ib.* 144. And, though he was entitled to but one satisfaction of the debt, yet having the right to bring his action at law as well as to file his bill in chancery, he was entitled to his costs in the action: and of course to the costs adjudged to him on affirmance of the judgment by this Court. *Porter vs. Ingraham*, 10 *Mass.* 88.

The second plea was, therefore, virtually no answer to so much of the breach as alleged a non-payment of the costs of the Circuit and the Supreme Courts, and, as to this plea, the appellant had the right to take a default for such costs.

The 4th plea alleges the payment, by Levy, of the costs of the Circuit Court, before the commencement of this suit, but does not aver the payment of costs of the Supreme Court.

As to this plea, therefore, the appellant had the right to take a default for the costs of the Supreme Court.

The right to the several defaults, it seems, is upon the principle that, under our practice, the pleas are independent: but the defaults so taken would not have been absolute in this case, because the appellees had interposed a general plea of payment, to which the appellant had taken issue, and the defaults would have been subject to the final judgment rendered upon disposing of the issue to this plea. *Wheat use, etc. vs. Dotson*, 7 *Eng,* 714.

554        CASES IN THE SUPREME COURT

The State of Arkansas vs. The Bank of Washington.        [JANUARY

But it does not appear that the appellant claimed any default for the parts of his demand not answered by the pleas, nor did he have the issue to the plea of payment disposed of, but rested upon his demurrer to the second and fourth pleas, and appealed. As he took no steps, therefore, to obtain judgment for the costs in the Court below, he is not entitled to a reversal here, because of his failure to obtain such judgment. *Denton et al. Exr. vs. Robinson adr.* 17 *Ark.*

The judgment is affirmed.


Absent, Hon. C. C. SCOTT.