## PREWETT VS. VAUGHN.

In a suit by the assignee of a bond against the maker, a plea denying the genuineness of the assignment, not verified by affidavit, may be stricken out on motion.

The defendant is not prejudiced by the striking out of his plea of part payment, when he has on the record a plea of full payment of the bonds sued on.

A plea, setting up that the consideration of the bonds sued on was a parol contract for the sale of a lot of land, etc., which had not been reduced to writing, and that the vendor had not tendered a deed of conveyance for the land, but not alleging that there was any agreement to convey the land, at all, much less a dependent covenant to convey, the performance of which was a condition precedent to the right to sue for the purchase money, is fatally defective.

### Appeal from St. Francis Circuit Court.

Hon. GEORGE W. BEAZLEY, Circuit Judge.

HEMPSTEAD, for the appellant.

Since the case of *Wheat vs. Dotson, 7 Eng.* 699, it cannot be questioned that part payment may be plead at law, and if this be so the 4th plea was improperly stricken from the record.

The case of *Smith vs. Henry, 2 Eng.* 208, decides that the vendor must prepare and tender the deed and demand the purchase money; and this although the obligation for the purchase money has been assigned; or the contract of purchase rests in parol.

A vendor cannot bring an action for the purchase money without having executed a conveyance or offered to do so. *Sugden on Vendors,* 229; *J. R.* 207; *Ib.* 130.

WATKINS & GALLAGHER, for defendants.

The stipulations of the contract of sale and purchase are not dependent. The bonds were to be paid on a day certain; but

the conveyance was not fixed to be made at any particular time. The purchaser in order to put the vendor in default must tender the purchase money and demand a conveyance. *Smith vs. Henry,* 2 *Eng.* 211. The conveyance, as the contract is set out in the pleading, is not a condition precedent to the right to demand the money. 4 *Rand.* 346; 4 *Ark.* 10; 5 *Ib.* 417.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This was an action of debt, by petition and summons, brought by John W. Vaughn against Wilson C. Prewett, upon three writings obligatory, for $500 each, made by Samuel N. Williams (who was not sued) and Prewett to N. W. Williams, on the 2d March, 1857, payable 1st of July following; and assigned by the obligee to the plaintiff on the day they were executed.

Prewett filed eight pleas; the court struck out the 2d and 4th, and sustained a demurrer to the 6th, 7th and 8th, the cause was tried on issues to the 1st, 3rd and 5th (*nil debet,* payment, and set-off,) and judgment in favor of the plaintiff for $1,111 50 debt, and $20 32 damages. Motions for new trial and in arrest of judgment overruled, and appeal by Prewett.

It is insisted that the court erred in striking out the 2d and 4th pleas, and in sustaining a demurrer to the 6th, 7th and 8th·

The 2d plea was: "That the plaintiff is not, nor ever has been the legal owner of the said writings obligatory in the petition specified," etc

The bonds sued on, and the assignments by the obligee to the plaintiff, endorsed thereon, were copied in the petition, and also made part of the record by grant of oyer, craved by the defendant. The effect of the plea was to deny the validity or genuineness of the assignments, and not being verified by affidavit was properly stricken out. *Sawyer vs. Sumner,* 13 *Ark.* 280; *Sumpter vs. Tucker,* 14 *Ib.* 185; 15 *Ib.* 372.

If the object of the plea was not to put in issue the genuineness of the assignments, but to deny that they were in such form as to transfer the legal title in the obligations to the plaintiff, the assignments being of record by grant of oyer, this was a ques-

tion of law, and should have been presented by demurrer to
the petition.

The 4th plea was that before the commencement of the suit
the defendant paid to the plaintiff upon the obligations sued on
$388 50, *"which is credited on the obligation last named in the
petition."*

Conceding the right of the defendant to plead part payment.
(*Very vs. Watkins*, 18 *Ark.* 546,) yet he was not prejudiced by
the striking out of the plea, because his third plea was a plea
of full payment of the bonds sued on, under the issue to which
he had the right to prove a part payment, and the bill of excep-
tions taken at the trial shows that a payment of $388 50 was
admitted, and credited in rendering the judgment.

The 6th plea avers, in substance, that the obligations sued on
were executed by defendant and his co-obligor to Norman W.
Williams (the obligee and assignor) upon the following consid-
eration and none other, that is to say, that Williams, on the day
the obligations were made, agreed by parol to sell, and by parol
did sell to defendant and his co-obligor, the undivided half of a
lot of land situated near the town of Madison, (which is
described) together with the saw-mill thereon, and the machinery
thereto attached, including the engine, boilers, wheels, bands,
etc., also the dwelling house and blacksmith shop on the lot,
with the tools therein, together with two yoke of oxen, one
wagon, one carry-log wagon, the logs on hand, and one old
boiler and saw then in Memphis, and six head of stock cattle—
that said contract was in parol, and never reduced to writing;
and that the obligations sued on were executed for and upon
the consideration aforesaid, and none other; and that neither the
plaintiff nor his assignor, Williams, or any person for them, ever
did, at any time before the commencement of this suit, tender
to the defendant and his co-obligor, or either of them, any deed
of conveyance for said lot of land so as aforesaid sold by Wil-
liams to them, and this the defendant is ready to verify.

Passing over other objections to this plea, there is no allega-
tion in it that Williams agreed to convey the lands to appel-

lant and his co-obligor at all, much less that he was under a dependent agreement to convey, the performance of which was a condition precedent to his right to sue for the purchase money. This was a fatal defect in the plea. *Smith vs. Henry*, 2 *Eng.* 207; *Lewis vs. Davis et al.*, (*May term* 1860.)

The 7th and 8th pleas, though they contain additional allegations, are subject to the same objection that was fatal to the 6th plea.

The judgment is affirmed.