RICHARD P. MORGAN, JR. Administrator,

*v.*

JOHN SHERWOOD.

1. CONCURRENT REMEDIES *upon mortgage debt—effect of decree of foreclosure and sale upon another action.* The mere fact that there has been a decree of foreclosure, and a sale of property mortgaged, for a sum sufficient to pay the debt, will not preclude the holder of the mortgage debt from instituting a suit at law thereon, the court rendering the decree of foreclosure still retaining its jurisdiction over the case, with power to set the sale aside, which, if exercised, will leave the debt precisely as though no sale had taken place.

2. If the sale under the foreclosure is consummated, the satisfaction of the debt becomes absolute, and relates back to the day of sale; but until it is consummated, the sale will operate only as a conditional satisfaction,—it is a proceeding *in fieri,* which may or may not extinguish the debt, and while the proceedings under the foreclosure are in that condition, the holder of the debt may properly commence his action thereon, subject to be defeated, however, if the foreclosure sale be afterwards consummated, but which may be prosecuted to judgment if the sale should be set aside.

172　　　　　Morgan *v.* Sherwood.　　　　[Jan. T.,

Statement of the case.　　Brief for the appellant.

Appeal from the Circuit Court of Will county; the Hon. J. McRoberts, Judge, presiding.

Sherwood, holding a bond, secured by a mortgage, against Small, on the twenty-first of February, 1862, instituted a suit in the supreme court of New York to foreclose the mortgage. Pending the suit, Small died, and his representatives were made parties. On the thirteenth of February, 1863, a decree of foreclosure and sale was rendered, and on the fourteenth of March following, the mortgaged premises were sold under the decree, and were bid off by the equitable owner of the mortgage for a sum sufficient to satisfy the debt, interest and costs. On the nineteenth of June, 1865, the court in which the decree was rendered, having retained jurisdiction of the case, set aside the sale.

In the mean time, after the sale was made, and before it was set aside, the bond secured by the mortgage was filed in the probate court of Will county, as a claim against the estate of Small. The question is, whether the holder of the bond had a subsisting cause of action at the time it was filed.

Messrs. Stevenson & Ewing, and Mr. Hamilton Spencer, for the appellant.

Every plaintiff or claimant in judicial proceedings, in any court, must have a perfect right of action against the defendant, at the time of the commencement of the suit. *Kinney* v. *Hudnut,* 2 Scam. 472; *Nickerson* v. *Babcock,* 29 Ill. 499; 1 Ch. pl. p. 258; 21 Pick. 241, 310; 2 Metc. 168.

The plaintiff, in other words, must show that at the time he instituted his suit he had a valid claim, upon which he was then entitled to judgment against the defendant.

It is not enough for the plaintiff to show that something had happened, after the commencement of the suit and before the trial, by which he had a right of action against the defendant. The trial determines the rights of the parties as they existed

on the day the suit was brought, and not at any subsequent period.   2 Scam. 78; 1 Gilm. 598.

If the claim was made, or the suit was brought prematurely, it is fatal to the plaintiff's recovery, as much so as if he had failed to prove any right of action whatever.   Indeed, he has failed, in such case, to prove a right of action, since the only right upon which he can recover, is one existing when the suit was brought.

The apparent exceptions to this rule, arising under pleas *puis darrein continuance*, and under the statute of wills, (R. S. p. 558,) allowing a creditor, whose debt has not become due, to prove his claim, do not change the rule stated.

In the latter case, the debt must be an existing and valid one, when the claim is made; not one which is to come into existence on the happening of some future and contingent event, which may never occur.

The filing and docketing of the claim in this case in the county court, was the commencement of this suit; and the rights of the parties, as they existed at that time, and nothing else, are to be determined by this court.

We insist that the sale of the mortgaged premises, under the decree of foreclosure, so far operated as a satisfaction of the debt, that at the time the bond was filed in the probate court, there was no subsisting cause of action thereon.

Mr. R. E. BARBER, and Messrs. RANDALL & FULLER, for the appellee.

The sale under the foreclosure could not operate to extinguish the debt until it was consummated.   " In such cases the purchaser is not considered entitled to the benefit of his contract, till the Master's report of the purchaser's bidding is absolutely confirmed."   And on page 1273: " The bidder, not being considered as purchaser until the report is confirmed, is not liable to any loss, by fire or otherwise, which may happen to the estate in the interim, nor is he until the confirmation of the

report compellable to complete his purchase." 2 Danl. Ch. P. 1271.

The purchaser takes, subject to the confirmation of the sale by the court. *Kauffmann* v. *Walker*, 9 Maryland, 229; *Tooley* v. *Kane*, 1 S. & M. Ch. 518; *Webster* v. *Hill*, 3 Sneed, (Tenn.) 333; 1 Sugden on Vendors & Purchasers, 58, 83, 4, 6; 11 Vesey, 559 (*ex parte Minor.*)

The rule is the same in New York. 1 Barbour's Ch. Pr. 528–9; *Green* v. *Winter*, 1 Johns. Cas. 81; *Monell* v. *Lawrence*, 12 Johns. 521; *Bissell* v. *Payne*, 20 Johns. 3; *Fuller* v. *Van Geesen*, 4 Hill, 171; 6 Barbour, 60; 2 Sandf. 444; 5 ib. 447; *Mitchell* v. *Bartlett*, 52 Barbour, 111.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the sixteenth of May, 1864, Sherwood, the appellee, filed a claim in the county court of Will county, against Morgan, the appellant, administrator of Small, founded upon a bond executed by Small to Sherwood. The county court did not allow the claim, but Sherwood appealed to the circuit court, and it was there allowed. The administrator has brought the record to this court.

The allowance of the claim is resisted, on the ground that the bond was secured by mortgage upon certain real estate in the State of New York, which mortgage Sherwood filed a bill to foreclose, on the twenty-first of February, 1862, in the State of New York, making Small a party, and after his death bringing in his administrator and heirs, and that a decree of foreclosure and sale was rendered, under which, on the fourteenth of March, 1863, the mortgaged premises were sold to one Beasley, the equitable owner of the mortgage, for an amount sufficient to satisfy the debt. The appellee meets this defense by showing that the court in New York, which pronounced the decree, made another order on the nineteenth of June, 1865, setting aside the sale, on the ground that Small had no title to the mortgaged premises, and directing Beasley to be released

from the purchase. The purchase had been in no manner consummated, no money having been paid, except the master's fees, nor had a deed been executed, nor had the sale been approved by the court.

Under this state of facts, it is insisted by counsel for appellant, that as the sale under the decree had been made before this claim was filed in the county court, and was not set aside until some months thereafter, there was nothing due from the estate when this proceeding was commenced; and admitting the debt was revived when the sale in New York was set aside, it was then too late to file a claim, more than two years having elapsed since the letters of administration were issued.

This position of counsel we do not consider tenable. The decree and sale were not a satisfaction, or, in other words, an extinguishment, of the debt. If such had been the case, the action of the court in setting aside the sale would not have revived the debt. Yet no one would claim, if a court of chancery sets aside a sale under a decree, while it retains its jurisdiction over the case, that no further steps could be taken to enforce the debt which it had been the object of the sale to satisfy, because the sale, if completed and approved, would have satisfied the debt. In this proceeding, it is wholly immaterial upon what grounds the court in New York based its order annulling the sale. It is sufficient that it had jurisdiction to make it, which can not be questioned, as, independently of the general practice of courts of chancery in such cases, this decree shows upon its face that the sale was to be reported to the court, and that it had not dismissed the parties from its jurisdiction. When the sale was set aside, the debt stood precisely as if no sale had been made. Only after such a sale is so far consummated as to be no longer liable to be set aside on motion, can it be regarded as an absolute satisfaction of the debt. Until then, in order to preserve the mutual rights of the parties, and prevent a failure of justice, we must regard it as merely a conditional satisfaction. If the sale is consummated, the satisfaction becomes absolute, and relates back to

the day of sale. Until consummated, there is no absolute satisfaction. It is a proceeding *in fieri*, which may or may not extinguish the debt.

It follows, from what we have said, that if the mortgagee is suing on his note or bond at law, and foreclosing under the mortgage at the same time, although a sale under the decree for an amount equal to the debt might be a very good reason for suspending further proceedings in the common law action until the sale had either been consummated by the report of the master and an order of the court, or by the master's deed, or had been set aside, yet such a sale would not be, of itself, a sufficient reason for dismissing such action, and in case the sale is set aside, there would be no reason why the plaintiff should not have judgment on his bond. It also follows, that. pending such merely conditional satisfaction, the creditor, if he has not already sued upon his bond, should be permitted to commence a suit upon it, subject to be defeated if the satisfaction under the sale becomes absolute, but with the right to recover, in case the sale should be set aside.

*Judgment affirmed.*