## CONNECTICUT MUT. LIFE INS. CO. v. JONES.

*(Circuit Court, E. D. Missouri. January 26, 1880.)*

1. EVIDENCE—JUDGMENT—MERGER.

   A judgment upon a note merges it, and becomes the only evidence of the debt.

2. PLEADING—PARTIES.

   The wife is not a proper party in an action of ejectment for property in her husband's possession in which she holds no separate estate in her own name.

3. HOMESTEAD—CONVEYANCE OF.

   A homestead may be mortgaged or sold, in Missouri, by the joint deed of husband and wife.

4. DEED OF TRUST—JUDGMENT—WAIVER.

   The holder of a note waives no rights, under a deed of trust securing it, by obtaining judgment thereon against the maker, and having a general execution issued.

5. SAME—SALE.

   A sale under the deed of trust would be valid though made after the execution issued, and before the return-day.

Ejectment. Motion for New Trial.

*Overall & Judson,* for plaintiff.

*Thomas S. Espy,* for defendant.

McCRARY, C. J. On the seventh day of November, 1867, the defendant borrowed from plaintiff $6,000, for which he executed his promissory note, to secure which he and his wife joined in the execution of a deed of trust, by which they conveyed the real estate in question (a lot in the city of St. Louis) to one Albert Todd, as trustee. On the nineteenth of April, 1879, plaintiff recovered in this court a judgment at law upon said promissory note for $6,226, upon which execution was issued, and a small sum collected by levy upon and sale of personal property was duly credited upon the judgment. The property covered by the deed of trust is the homestead of the defendant. The deed of trust contained a provision in the usual form authorizing the trustee, upon default in payment of the note, to proceed to sell the property, after notice, to the highest bidder for cash. The judgment rendered upon the note being unsatisfied, (except as to the small sum made upon general execution,) the plaintiff procured

the trustee to sell under the deed of trust. After due notice the sale took place, on the first day of July, 1879, and the plaintiff was the purchaser, for the sum of $6,000. A deed from the trustee to the plaintiff was duly executed, and to obtain possession under this purchase the present suit was brought. Upon trial before a jury there was verdict and judgment for the plaintiff. Defendant moves to set aside the verdict and for a new trial, upon grounds which will now be stated and considered.

1. It is insisted that the *note* should have been produced and offered in evidence in connection with the deed of trust. We are of the opinion, however, that the production of the note was not necessary. It had been merged in the judgment, and the latter had become the evidence of the debt secured by the deed of trust. It is well settled that where judgment is rendered upon a note it ceases to be and the judgment becomes the evidence, and the only evidence, of the debt. *Wyman* v. *Cochrane*, 35 Ill. 154; *Ohio* v. *Gallagher*, 93 U. S. 206; *Hagg* v. *Charlton*, 26 Pa. St. 202; Freeman on Judgments, 180, 181. It does not follow, as contended by defendant's counsel, that the plaintiff lost or waived any right under the deed of trust by attempting to collect the debt due from defendant by means of a judgment at law and a general execution. A deed of trust, under the laws of Missouri, is simply a mortgage with power of sale, and it is very clear that a change in the form of the debt from that of a promissory note into a judgment did not in anywise affect the rights or obligations of the parties under the deed of trust. The debt remained unsatisfied, and the deed of trust given to secure it continued in full force. Jones on Mortgages, §§ 1215, 1220, 1221; *Lichty* v. *McMartin*, 11 Kan. 565; *Van Sant* v. *Allmon*, 23 Ill. 30; *Dunkley* v. *Van Buren*, 3 John. Ch. 330.

2. It is also insisted that the court erred in refusing the application of the wife of defendant to become a party to this suit, and to be heard as such. It is very earnestly contended by counsel that inasmuch as the property in question was the homestead of defendant and his family, that therefore the wife of the defendant has, under the homestead law of this state, a present right of possession in her own right, independently of her husband, and that she is therefore a necessary party to the present action of ejectment.

The law of Missouri relating to homestead exemptions contains no provision limiting in any way the power of the husband and wife to alienate their homestead by deed of conveyance either with or without conditions. The power of the owner of a homestead to convey or mort-

gage the same is not restricted except by the regulations applicable to conveyances of real estate in general. The statute is not framed with a view to interfere with the right of the owner of homestead property to dispose of it by deed, but to protect it from sale under execution during the life-time of the owner, and to secure it to his widow and children as a homestead after his death. Such property, within a certain valuation, is exempt from sale under execution, and upon the death of the owner is vested by law in the surviving members of his family. But there is nothing in the statute, and certainly nothing outside of the statute, to support the proposition that the wife of the owner, during his life-time, has any right of possession or claim of any kind in the homestead that may not be divested by a conveyance in which she joins; nor is there any force in the suggestion of counsel that the wife in this case released her dower interest only, and not her homestead right. She joined in the deed, and must be held to have conveyed all her interest. When the legal title to a lot occupied, or a homestead, is in the husband, he and his wife, by joining in an absolute conveyance thereof, may undoubtedly make the purchaser a good title; and their right to make a conditional sale, to execute a mortgage or deed of trust, is equally clear, unless the same is prohibited by statute. *In re Cox*, 2 Dill. 320; *Babcock* v. *Hoey*, 11 Iowa, 375; *Pfeiffer* v. *Rhein*, 16 Cal. 643.

It is conceded that in general the wife is not a proper party to an action of ejectment for property in the possession of the husband, and in which she holds no separate estate in her own name. The possession of the husband is the possession of the wife. *Bledsoe* v. *Simms*, 53 Mo. 305.

But it is insisted that because the property here is a homestead a different rule should prevail. We have already seen that as against her own deed the wife can have no separate present right of possession, and we are therefore constrained to hold that the general rule is applicable to this case, and that she is not a proper party.

3. It is said that the sale under the deed of trust was void because the general execution was still in the hands of the marshal, and the defendant had until the fifteenth of September, the return-day of the writ, in which to satisfy the same by payment. It is true that the execution remained in force and was not necessarily returned prior to that date, but it is not true that the defendant had the right to postpone the sale under the deed of trust until the expiration of that period. He could deprive plaintiff of its rights under the deed

of trust only by payment of the debt. The plaintiff's remedies were concurrent, and it had the right to pursue both or either, provided one satisfaction only was received. Jones on Mortgages, § 1215 *et seq.; Gilman* v. *Telegraph Co.* 91 U. S. 603. The motion is overruled.