## In re WILDER.

### (District Court, S. D. New York. April 19, 1900.)

1. BANKRUPTCY—PROOF OF DEBT—AMENDMENT.

A court of bankruptcy has power, in its discretion, to allow a creditor who has proved his claim as an unsecured debt to amend such proof by adding thereto a statement of a lien or security which he holds.

2. SAME—WHEN DENIED.

A creditor of the bankrupt, who was plaintiff in a pending suit against the bankrupt and his wife to set aside a conveyance of land to the latter,

proved his debt in the bankruptcy proceedings as an unsecured claim, but afterwards applied for leave to amend his proof by setting up his claim to an equitable lien on the real estate in controversy under a notice of lis pendens in said suit, alleging, as a reason for the application, that he might be prejudiced in his pending suit by a contention that he had waived such lien by proving his debt in bankruptcy as unsecured. *Held,* that the application should be denied.

In Bankruptcy.

Henry D. Hotchkiss, for the motion.

George W. McElroy and John J. Beattie, opposed.

BROWN, District Judge. This is a motion in behalf of James McCormick, one of the creditors of the bankrupt, to amend his proof of claim heretofore filed, by adding thereto a statement of a security in the nature of a claim to an equitable lien upon certain real estate under a notice of lis pendens in a suit pending against the bankrupt and his wife prior to the adjudication in bankruptcy, no mention of which was made in the proof of claim filed. The reason assigned for asking leave to amend is, in order that the complainant in that suit may not be embarrassed in its prosecution by the contention that the complainant had waived his lien by the filing of his claim in bankruptcy as a wholly unsecured claim. Stewart v. Isidor, 5 Abb. Prac. (N. S.) 68; In re Jaycox, 8 N. B. R. 241, Fed. Cas. No. 7,242.

There is no doubt of the power of the court to allow the amendment asked for; but in the administration of the bankruptcy law, its fundamental principle of equal distribution among creditors, seems to me to forbid the exercise of this discretionary power in the interest of one creditor to the prejudice of others, where there is no perfected lien or established security in the creditor's favor, but only a contingent and inchoate lien in the effort to secure a preference by litigation. See In re Lesser (C. C. A.) 99 Fed. 913. The equities of the general creditors through the trustee should be preferred.

If the omission of the creditor to disclose the existence of his suit and the lien claimed thereby, would have the effect of disabling him from obtaining a judgment for his own benefit alone, the court should not aid the creditor in securing a preference by granting the present application. If there was fraud as respects creditors in the transaction by which the real estate in question was vested in the name of the bankrupt's wife, the benefit of that transaction, under the system of the bankruptcy law, ought to inure to the trustee in bankruptcy for the benefit of all creditors alike; and the trustee is authorized to maintain that suit in behalf of all the creditors in the same manner that any judgment creditor might maintain it for his own interest. On this ground the amendment asked for should, I think, be denied. See In re Wiener, 14 N. B. R. 216, Fed. Cas. No. 17,620.