### In re STRICKLAND.

(District Court, S. D. Georgia. S. W. D.   February 26, 1909.)

BANKRUPTCY (§ 363*)—CLAIMS AGAINST ESTATE—WITHDRAWAL BY CREDITOR.

A creditor of a bankrupt holding notes containing a waiver of homestead right and exemption, who filed his claim in the bankruptcy proceedings and also an intervention seeking to have certain property sold separately and the proceeds applied on his debt, may properly be permitted to withdraw his claim and intervention in order to prosecute his remedy in the state court against the property set apart to the bankrupt as exempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 550; Dec. Dig. § 363.*]

In Bankruptcy.  On petition of bankrupt to review order of referee allowing J. G. Curry, a creditor, to withdraw proof of debt and intervention.

C. C. Thomas and J. R. Walker, for bankrupt.
W. W. Lambdin, for creditor.

SPEER, District Judge.   The bankrupt has filed a petition for the review of an order by the referee, permitting one J. G. Curry, an alleged lien creditor of the bankrupt, to withdraw from the records of the court his proof of debt and intervention.   These are based upon two purchase-money notes, containing waivers of homestead and exemption, aggregating the sum of $879.49.   The ground of the motion for the withdrawal of the claim was "inadvertence upon the part of counsel, being mistaken as to the proper forum in which he should endeavor to set up said claim."   On January 13, 1908, Strickland was adjudicated a bankrupt.   On January 23d the first meeting of creditors was held, and at this meeting John C. McDonald appeared as the attorney at law representing Curry, and filed the claim referred to, with proof thereon.   Thereafter said attorney filed a motion for an order segregating certain property of the bankrupt, and also sought to have the same sold separately, claiming the proceeds thereof as purchase money for property bought by the bankrupt from the said Curry.   On February 3d a sale of the assets was had, and the said attorney sought to obtain the proceeds for the property, claimed as aforesaid by virtue of the purchase-money lien.   Before the determination of this petition, however, the said attorney presented in lieu thereof the motion which is now in question, asking leave to withdraw from the files of the court the claim and original notes, in order that his client might proceed in equity, in a state court, to subject the homestead of the bankrupt and enforce his rights under alleged waivers contained in said notes.   This counsel proceeded to do by filing in the state court a bill in equity, securing an injunction against the bankrupt, and a receiver to hold the exemption, which had been set apart by the trustee in bankruptcy.   Upon the motion to withdraw, the referee issued the usual rule nisi.   This was heard on February 28th, and on the 20th of March following the referee passed an order, permitting Curry to withdraw his claim upon

the condition that such withdrawal should be without prejudice to the right of the bankrupt thereafter to contend before the state tribunal that the proceedings in this court operated as an estoppel. The petition for review relates to this order of the referee. The bankrupt is the only party objecting to the withdrawal of the proceedings, and it does not appear that any creditor objected, or joins now in the petition to review.

The only question before the court is the propriety of the referee's order, allowing a creditor to withdraw his proof of debt and intervention before the final determination of the cause. Now, the right to dismiss legal proceedings has long inured to parties in all jurisdictions, state and national. Veazie v. Wadleigh, 11 Pet. 55, 61, 9 L. Ed. 630;. Stevens v. Railroad (C. C.) 4 Fed. 97. The only limitation upon that right is that the party dismissing shall pay all costs, and that the dismissal shall not violate any substanial right, nor render it unavailable. That is the law in Georgia, and obtains almost universally. Sections 4970, 5044, Civ. Code 1895; Evans v. Sheldon, 69 Ga. 110; People's Bank of Talbotton v. Exchange Bank, 119 Ga. 367, 46 S. E. 416; Kean v. Lathrop, 58 Ga. 355. Can the withdrawal of a proof of debt be said to violate any substantial right of the bankrupt, or place him in a position more prejudicial than that which he occupied before the proof was filed? An examination of the precedents shows that all of the recent ceases sanction a withdrawal or amendment, under ordinary circumstances, of proceedings in bankruptcy. Mr. Loveland in his work on Bankruptcy, discussing the subject, says:

"The judge or referee has power, in his discretion, to allow proofs of debt to be amended or withdrawn. In cases of mistake or ignorance, whether of fact or of law, the judge or referee will exercise that power in the absence of fraud, and when all parties can be placed in the same position they would have been in if the error had not occurred, and where justice seems to demand that it should be done." Loveland on Bankruptcy, 403.

In Re Meredith (D. C.) 16 Am. Bankr. Rep. 331, 144 Fed. 230, the question arose before Judge Newman in the Northern district of Georgia, and the action of a referee, permitting a withdrawal, although not discussed, was sustained. In this state, a note containing a waiver of homestead and exemption rights has been held to be in the nature of a security for the payment of the debt. In Bell v. Dawson Co., 120 Ga. 628, 48 S. E. 150, Chief Justice Simmons, for the Supreme Court of the state, observed:

"The waiver becomes in the nature of a security, in that the debt may be made out of any property owned by the debtor, without regard to any exemption rights which the debtor would have had but for the waiver."

Here, the creditor seeks to enforce his debt by employing the remedies afforded by the laws of Georgia, viz., by subjecting the homestead set apart to the bankrupt by the trustee in this court by proceeding in equity in a state court upon the waiver notes, and by having a receiver appointed to hold and disburse to the creditor such part of the homestead as he may be held entitled to receive. That procedure seems justified by the ruling of the Supreme Court in Lockwood v.

Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, where it was held that a trustee in bankruptcy acquires no title to exempted property, save that which is incident and necessary to his duties to the estate and to the bankrupt in setting it aside. In the case of Bell v. Dawson Company, supra, it was held that the remedy of creditors holding waiver notes may be found in section 4904 of the Civil Code of Georgia, which is as follows:

"A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested."

The appropriate remedy under this general equity power is then summarized by the court in these words:

"The latter's remedy is in a court of equity, which court is authorized under the laws of this state to give (the creditor) a judgment in rem against the exempted property, subjecting it to his claim, and, where such property is personalty of a perishable nature, or such as will be destroyed by the use, to appoint a receiver to take charge of such property until the judgment in rem has been obtained." Sanford v. Fidelity & Guaranty Co., 116 Ga. 689, 43 S. E. 61.

The question of the right to amend a proof of debt came before the Supreme Court of the United States in the case of Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179. In the opinion rendered by Mr. Justice Holmes, that right was affirmatively established. See, also, In re Scott (D. C.) 93 Fed. 418; In re Myers (D. C.) 99 Fed. 691; In re Wilder (D. C.) 101 Fed. 104; In re Stevens (D. C.) 107 Fed. 243; In re Swords (D. C.) 112 Fed. 661; In re Tiffany (D. C.) 17 Am. Bankr. Rep. 296, 147 Fed. 314; In re Castleberry (D. C.) 16 Am. Bankr. Rep. 159, 143 Fed. 1018; In re Brumbaugh (D. C.) 12 Am. Bankr. Rep. 204, 128 Fed. 971; Ingram v. Wilson, 11 Am. Bankr. Rep. 195, 125 Fed. 913, 60 C. C. A. 618; In re Ogilvie, 5 Am. Bankr. Rep. 374.

The bankrupt, however, contends that the withdrawal of a proof of debt falls within the equitable doctrine of election, and that the action of Curry in electing to file his claim before the referee precludes him from pursuing the remedy of subjecting the exemption in the state court. Counsel invokes the language of section 4012 of the Code of Georgia, as follows:

"A case of election arises whenever a person is entitled to one of two benefits, to each of which he has legal title, but to enforce both would be unconscientious and inequitable to others having claims upon the same property or funds. In such cases equity has jurisdiction to compel an election."

It may be said, in passing, that this language expressly refers only to property or funds to which "legal title" may be held, and it does not in terms apply to such intangible rights or remedies as the filing of proof of debt in a bankruptcy court, or the beginning of an equitable proceeding in a state court. Besides, the equitable doctrine seems inapplicable to the particular facts of this case. In the seventh volume of the Encyclopedia of Pleading & Practice, p. 362, the principle underlying cases of this character is stated in the following language:

"The test of the doctrine is, whether the plaintiff proceeds upon contradictory or irreconcilably inconsistent principles of redress, or upon consistent theories of his rights in the premises."

And further:

"As regards what have been termed consistent remedies, the suitor may, without let or hindrance from any rule of law, use one or all in a given case. He may select and adopt one as better adapted than the others to work out his purpose; but his choice is not final, and, if not satisfied with the result of that, he may commence and carry through the prosecution of another remedy."

Nor does it seem, even where the remedies may be deemed inconsistent, that a fruitless or abortive attempt to utilize one remedy, under a mistaken conception of fact or of law, will necessarily debar a suitor from the utilization of another. In 15 Cyc. it is said:

"There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims, merely because of attempts to collect them by inappropriate actions upon which recovery could not be had." 7 Enc. of Pleading & Practice, 366; Clark v. Heath, 8 L. R. A. (N. S.) 144, 101 Me. 530, 64 Atl. 913, and cases cited.

Now, in the relative rights and remedies which have been developed within the twilight zone between law and equity, the doctrine has been long settled that the foreclosure of a lien will not debar the holder from maintaining his action at law on the personal debt upon which it is based, and also the converse principle, that such action at law will not prevent subsequent foreclosure in equity. Says Mr. Tiffany in his treatise upon Real Property, vol. 2, p. 1276:

"It has always been considered, in the absence of a statutory provision to the contrary, that the mortgagee may enforce his different rights at the same time, pursuing concurrently his suit in equity to foreclose and his action at law on the note or bond evidencing the mortgagor's personal liability. Likewise, recovery in an action on the debt does not affect the right to subsequently foreclose; nor does the completion of foreclosure prevent a subsequent suit to recover on the personal liability, unless the result of the foreclosure is to satisfy the debt."

In this connection, see Gilman v. Illinois, etc., Tel. Co., 91 U. S. 603, 616, 23 L. Ed. 405; Burnell v. Martin, 2 Doug. 417; Very v. Watkins, 18 Ark. 546; Connecticut Mut. Life Ins. Co. v. Jones (C. C.) 8 Fed. 303; Globe Ins. Co. v. Lansing, 5 Cow. (N. Y.) 380, 15 Am. Dec. 474; Morgan v. Sherwood, 53 Ill. 171. The same principle has been held by various courts to obtain—in the procurement of a distress warrant, and the subsequent foreclosure of a mortgage on the same crop (Davis v. Collier, 13 Ga. 485); in a suit in ejectment on a security deed, and an action at law on the note secured (Dykes v. McVay, 67 Ga. 505); in the foreclosure of a mechanic's lien, and an action for the work done (Hunt v. Darling, 26 R. I. 480, 59 Atl. 398, 69 L. R. A. 497; Brennan v. Swasey, 16 Cal. 140, 76 Am. Dec. 507); in a libel in rem in admiralty, and an action at law for the debt (Wolf v. Cook (C. C.) 40 Fed. 432; People ex rel. Granger v. Judge, 27 Mich. 406, 15 Am. Rep. 195). Discussing the reason underlying this class of cases, in Jones v. Conde, 6 Johns. Ch. (N. Y.) 77, Chancellor Kent remarked:

"The one remedy is in rem, and the other in personam: and the general rule to which this is an exception applies only to cases where the demand at law and in equity are equally personal, and not where the cumulative remedy is in personam, while the other remedy is upon the pledge."

The facts here indicate that Curry proved his claim, and filed an intervention before the referee. Other than this, it does not appear that his counsel took any active part, or exercised any material influence, in the bankruptcy proceedings until the application was made to withdraw the claim. It is true that he appeared at the first meeting of creditors where a trustee was elected, but that election was the unanimous choice of the creditors. Nor can the rights of the bankrupt be said to be unjustly prejudiced. It is not denied that he executed the two notes, containing waivers of his homestead and exemption rights. These waivers were already in existence when the proofs of debt were filed. How, then, may the bankrupt justly claim that he is deprived of any substantial right which he possessed before the filing of the proofs here. Any defense or set-off which he might then have offered is still as open to him in the state court. His position here is based upon only three essential rights and duties: (1) To deliver all of his assets to the trustee for liquidation; (2) having complied with that duty, to receive a discharge from his indebtedness; and (3) to receive in proper case his exemption. This court has no concern with the subjection of that exemption to the legal claims of creditors, nor with the bankrupt's disposition of the same after it is set apart to him by the trustee. It seeks merely to secure to the debtor a right, created by the laws of the state and conserved by the bankruptcy act, as are the liens of creditors, and it looks to the laws of the state to determine the nature of the exemption which shall be allowed. Having given the debtor his right, and set apart his homestead and exemption, the court will leave him to the courts of his own state to determine whether or not he has executed an inchoate lien thereon, which such courts may enforce. As no substantial right of the bankrupt which existed when the proofs of debt were filed will be impaired, the withdrawal sought will be permitted.

Order may be taken, affirming the action of the referee, and denying the petition for review.