H. W. HILLIARD, for plaintiff in error.

WILLIAM T. GOULD, for defendant.

---

MELITA G. PHELPS, plaintiff in error, vs. JOHN W. PORTER, defendant in error.

The exceptions in the homestead provision of the Constitution of 1868, apply as well to the personalty as to the realty set apart, provided the specific property is capable of identification.

Homestead Act of 1869. Exemption of Personalty. Decided by Judge ROBINSON. Morgan Superior Court. May Term, 1869.

On the first of January, 1866, David S. Phelps bought of John W. Porter four mules and other property, amounting to $953 00, and gave Porter his note therefor, to be paid out of the proceeds of the crop which Phelps should make in 1866 on the plantation rented to him by Porter. On the 29th of December, 1866, Phelps gave to Porter a mortgage on said four mules, and on other property, to secure the payment of said note, and on the 2d of February, 1867, gave him another mortgage, for the same purpose, on two horses and two mules not covered by the first mortgage. In February, 1869, these mortgages were foreclosed, and the *fi. fa.*

issued thereupon was levied on two of the first, named mules and two wagons. Before the sale by the sheriff, Mrs. Phelps notified the sheriff that she had had said property upon which he had levied, duly set apart to her and the family under the Homestead Act of 1869, and demanded that he should not sell them.

He did not sell them, and when Court convened, was ruled for the money. He answered, giving said notice as his reason for not selling. How the parties got at issue does not appear by the record, but it was treated as a fact that Mrs. Phelps had had said property so exempted under said Act, and "it was in proof" that the mules levied on were part of the property for which the note was given. The Court held that so much of the property levied on as was part of the consideration of the note was subject to sale under said *fi. fa.*, made the rule absolute against the sheriff, and ordered him to deliver the other property to Mrs. Phelps, and sell the two mules. Mrs. Phelps, by her counsel, assign his decision as to these two mules as error.

B. H. Thrasher, for plaintiff in error.

T. H. S. Brobston, for defendant in error.

McCay, J.

Perhaps if the words of the Constitution be taken in their strict philological sense, the exceptions to the general provision are confined to the realty. A "homstead," in its strict signification, can only refer to realty, although it would require some modification to make it apply to *land* without a house upon it. In our judgment, however, this clause of the Constitution is to be construed in reference to its intent, to-wit: to set apart for the family a portion of the assets of the "head," and protect it from sale by the creditor. Its fundamental, equitable, basis is, that a man owes to his wife and children a support, and as they are for the most part incapable of self-support, and by their connection with him, have no direct interest in their own labor, society, for its own

protection, has a right to see to it that they shall not be cast homeless and penniless upon it for support.   Yet the same great equity which declares the wife and children to be creditors of the husband, also admits that property unpaid for is not, according to the great law of right, properly to be taken even for the support of the family, nor is there in the nature of the thing any difference between real and personal property in this respect.

There are, it is true, some technical rules in relation to the transfer of property which separate the two classes very widely.   But in abstract equity, property is property, be it real or personal, and it is nothing but just, when we go into the sphere of equity, honest, abstract right, to defend the right of a family to this provision to keep the balance even. There is no equity in applying property not paid for to the use of even the wife and children.

Whilst, therefore, we admit that a strict verbal criticism would perhaps confine the exceptions to the realty, yet the equity of the statute extends them to the personalty, and so we hold.

Judgment affirmed.