## In re WRIGHT.

(District Court, N. D. Georgia. May 18, 1899.)

BANKRUPTCY—LIENS—UNRECORDED MORTGAGE.

Where, by the law of the state, an unrecorded mortgage is good against the mortgagor and against all others except intervening incumbrancers or purchasers, a mortgage given by a debtor to one of his creditors, more than four months before the filing of the debtor's voluntary petition in bankruptcy, is a valid lien, as against the trustee in bankruptcy and the general creditors whom he represents, though it was not recorded until the day on which such petition was filed, and though in the meantime the mortgagor remained in possession, with power to sell.

In Bankruptcy. On review of decision of referee in bankruptcy.

O. E. & M. C. Horton, for creditors.
Simmons & Corrigan, for bankrupt.

NEWMAN, District Judge. This is a question brought up from the referee, as to the lien and priority of a mortgage given by the bankrupt to J. J. & J. E. Maddox. The mortgage was executed on the 15th day of September, 1898, and filed for record January 19,

1899, at 4 o'clock p. m., which was four months and four days after its execution. The petition in voluntary bankruptcy was filed on January 19, 1899, at 5:45 p. m.,—one hour and forty-five minutes after the filing of the mortgage for record. The trustee claimed before the referee, on behalf of the general creditors, that the lien of the mortgage should not be recognized as against the general creditors. He contends that its execution should be considered as of the date of the filing of the mortgage for record, and that consequently it is obnoxious to the bankrupt act, as a preference given within four months.

The facts, as reported by the referee, appear as follows: L. B. Jackson, as the representative of the mortgagees, went to the store of the bankrupt on the day the mortgage was executed, and found such a condition of things as to cause him to request and to receive the mortgage, which was given with the understanding that the mortgagees would withhold it from record at that time, but reserving the right, should they deem it necessary, to place it on record. This agreement to withhold from the record, they admit, was to prevent the other creditors from closing down on him. The mortgage secured an antecedent debt of $280.97, and also, by its terms, secured any subsequent indebtedness between the parties. The only subsequent indebtedness shown before the referee was $26.

There are three provisions of the bankrupt act which may be considered in determining this question. Clause b of section 3 is as follows:

"A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act. Such time shall not expire until four months after the date of the recording or registering of the transfer or assignment when the act consists in having made a transfer of any of his property with intent to hinder, delay, or defraud his creditors or for the purpose of giving a preference as hereinbefore provided, or a general assignment for the benefit of his creditors, if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment."

This provision, as will be seen, relates to the time within which a petition in involuntary bankruptcy may be filed, but it is contended that it should apply to cases of voluntary bankruptcy also, and that, as a consequence of the foregoing provision of the act, the mortgage would only become effective as a lien from the date of its record; possession being all the time, until the bankruptcy proceedings, in the mortgagor. It seems, however, that this provision was only intended to fix the time within which creditors might institute proceedings in involuntary bankruptcy, and by it the record or nonrecord of the mortgage is only material as affecting that period. This is a different question entirely. It is a question of priority as between creditors against the estate of a voluntary bankrupt, and the fact that proceedings in involuntary bankruptcy might be instituted within four months from the record of an instrument, unless there be possession to put them on notice, does not seem to affect this question.

Another provision of the act in which there is reference to the record of instruments is clause d of section 67, in these words:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act."

This provision would seem to be applicable here, were it not for the expression, "and for a present consideration." This shows that this paragraph refers to liens given or accepted within four months preceding the bankruptcy proceedings. Otherwise, if a lien had been given or accepted, even though not for a present consideration, but for an antecedent debt, the lien would be good, under all the provisions of the act. It is clear that a mortgage given more than four months before proceedings in bankruptcy were instituted, in good faith, even for a previously existing debt, is not affected by the bankrupt act.

The remaining provision of the act which refers to the record of instruments is clause a of section 67, and it is this which it seems should control here. It is as follows:

"Claims which, for want of record or for other reasons, would not have been valid liens as against the claims of the creditors of the bankrupt, shall not be liens against his estate."

In Georgia, the only necessity for recording a mortgage is to make it good as against intervening liens or conveyances. It is always good as against the mortgagor, and is also good as against the general creditors of the mortgagor without a lien. A claim based on a mortgage, therefore, will always be a valid lien against the general creditors of the estate who have not obtained a lien, notwithstanding the failure to record the mortgage; and consequently, under this last-named paragraph of the act, it will be a perfect, valid lien in this case. The trustee, in objecting to this mortgage, only represents general creditors. There were no intervening liens or conveyances of any kind.

The decisions generally of the bankrupt courts under the act of 1867 seem to be in line with the views herein stated. Bump, Bankr. (11th Ed.) p. 792, and authorities there cited. A quotation from a single decision, however, will be sufficient in this case. In 2 Woods, 443, Fed. Cas. No. 7,403, the case of Johnson v. Patterson is reported, decided by Circuit Judge Woods on appeal in bankruptcy. That case was decided on the mortgage laws of Georgia, and is therefore the more pertinent and better authority here. The last paragraph of Judge Woods' decision will show sufficiently what was decided:

"In my judgment, therefore, as the mortgage in question in this case is good, by the law of Georgia, as against the mortgagor and against all others who had not acquired liens or become purchasers before the actual record, in spite of the fact that the mortgage was not recorded, and that the mortgagor remained in possession, with power of sale, I must hold it to be good as against the assignee of the mortgagor and the general creditors whom he represents."

The decision of the referee in this matter was correct, and will be sustained.