## BELL *v.* DAWSON GROCERY COMPANY.

A gave his note to B for the purchase-money of goods, and in the note waived his right to homestead and exemption. A, on his own petition, was adjudicated a bankrupt, by a court of bankruptcy. He applied to that court for a homestead and exemption, which was duly set apart to him by the proper officer of the court, the exempted property being personalty, some of which was of a perishable nature. B had not reduced his claim to judgment, nor did he prove it in the court of bankruptcy. *Held*: (1) The court of bankruptcy has no control over the exemption after it has been set apart, or power to determine the rights of creditors asserting waivers against it. (2) The court of bankruptcy, upon proper application, will withhold A's discharge until B has time to resort to such remedies as may be granted by the State courts. (3) Inasmuch as, on account of the adjudication in bankruptcy, B can not sue A at common law and obtain a judgment against him, and inasmuch as A is estopped by his waiver to claim an exemption as against B, the latter's remedy is in a court of equity, which court is authorized, under the laws of this State, to give B a judgment in rem against the exempted property, subjecting it to his claim, and, where such property is personalty of a perishable nature or such as will be destroyed in the use, to appoint a receiver to take charge of such property until the judgment in rem has been obtained.

Argued June 22,— Decided July 13, 1904.

Injunction and receiver. Before Judge Littlejohn. Stewart superior court. April 9, 1904.

*J. B. Hudson,* for plaintiff in error. *M. C. Edwards, James G. Parks,* and *Mayson, Hill & McGill,* contra.

SIMMONS, C. J. Layfield & Bell, a partnership, purchased from the Dawson Grocery Company certain goods for which they gave notes containing waivers of their rights to homestead and exemption under the constitution and laws of Georgia and of the United States. Layfield & Bell having failed in business, they were, upon their own petition, adjudicated bankrupt by the proper court of bankruptcy. It seems from the record that Bell, one of the partners, applied to that court for an exemption of $1,600 out of the

partnership property. This was duly set apart to him by the proper officer of the court of bankruptcy. The exemption was entirely of personal property, some of which was of a perishable nature. The Dawson Grocery Company did not prove its claim in bankruptcy, but, after the exemption had been allowed, filed in the superior court of Stewart county an equitable petition in which it alleged the facts stated above, and also that, outside of the exemption, Layfield & Bell were totally insolvent, and that, unless the court appointed a receiver to take charge of this perishable personal property, it would be disposed of by Bell; that Bell having been adjudicated a bankrupt, petitioner could not bring a common-law action against him, and its only remedy was in a court of equity, in which it could have the property taken charge of and in which it could secure a judgment against the property for the amount of its claim. Petitioner prayed for a judgment in rem, and that a receiver be appointed to take charge of the property until such judgment was obtained. To this petition demurrers were filed, on the grounds, that the proceeding was prematurely brought, as twenty days had not expired from the time the trustee had set aside the exemption, and it was not shown that there was any order of the court confirming the trustee's report; that the petitioner had an adequate common-law remedy; that the facts alleged were not such as to authorize the appointment of a receiver; and "that there is no authority of law or power, under the allegations of the petition, to take possession of defendant's property." The court enjoined Bell from encumbering or disposing of the property, and appointed a receiver to take charge of it upon the expiration of twenty days from the date of the setting aside of the exemption by the trustee, but provided that Bell should be allowed to take possession of the property upon giving proper bond. Bell excepted.

It is now well settled, both in this and in the Federal courts, that the trustee in bankruptcy has no power or control over the exempted property after it has been set apart to the applicant. The title never passes to him, but remains in the bankrupt. The trustee can set apart the exemption and pass upon such objections as may be made by creditors to his so doing. But he can not administer the property exempted, nor determine the rights of creditors asserting waivers against it. After it has been set apart he loses all power and control over it. Lockwood v. Exchange

Bank, 190 U. S. 294; *McKenney* v. *Cheney*, 118 *Ga.* 387.   In the Lockwood case it was held that in cases of this character the court of bankruptcy would withhold the discharge of the bankrupt until a reasonable time had elapsed, to give the creditors an opportunity to assert their claims in the proper State tribunal.

As the court of bankruptcy has no power to aid or assist the creditor holding waiver notes, it becomes our duty to determine whether the State courts have such power, and whether the proper remedy has been sought in the present case.   It is clear that the creditor can not obtain a common-law judgment against the debtor and levy upon the property exempted by the trustee.   The bankrupt is under the exclusive jurisdiction of the court of bankruptcy, and no creditor would be allowed by that court to prosecute a claim in the State court in order to procure a judgment against the bankrupt.   Yet the creditor has legal rights which he is entitled to enforce if he can find a court to enforce them.   Our code declares (Civil Code, § 4929) "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other."   Whenever a person in this State enters into a contract with another, whereby he agrees, for a sufficient consideration, to pay money, and, in his obligation, waives his right of homestead and exemption, this waiver is valid, and the debtor will be thereafter estopped to claim that any of his property is exempt from the judgment founded upon this contract. The waiver becomes in the nature of a security, in that the debt may be made out of any property owned by the debtor, without regard to any exemption rights which the debtor would have had but for the waiver.   In other words, when the debtor waives the homestead and exemption, he means that all of his property shall be a security to the creditor for the payment of that debt.   This then gives the creditor a legal right to rely upon all of the debtor's property for the payment of the debt.   In the present case, as before stated, the creditor could not enforce his claim by a common-law proceeding against the debtor.   From this remedy he is precluded by the proceedings in bankruptcy.   The debtor has $1,600 worth of property set apart to him.   It is, or will be, in his possession.   If it is personal property he may dispose of it by mere delivery; or it may be of such nature as to be consumed in the use.   Much of it may be used or destroyed in his hands.   In any

event the creditor would lose his rights, unless the property could be protected by placing it in the hands of a receiver until the creditor can obtain a judgment which will bind the property. The Civil Code, § 4904, declares: "A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested." In the present case it appeared that there was great probability of loss and destruction, and consequent injury to the interests of the creditor, if the debtor were given possession of the exempted property. The debtor has no right to complain; for, so far as appears, he voluntarily signed the waiver and estopped himself to claim any exemption as against the claims of the creditor. The plaintiff gave him credit for the goods, doubtless upon the faith of the waiver. By signing the waiver he obtained the goods. He can not now say that, because he has been adjudicated a bankrupt, the waiver amounts to nothing. But it was contended that a court of equity will not appoint a receiver except on the petition of one claiming title or having a lien. This is undoubtedly the general rule, but there are several exceptions. One of these is contained in the section of the code last above cited. Another will be found in the case of *Sanford* v. *Fidelity and Guaranty Co.*, 116 *Ga.* 689, where the whole doctrine is ably discussed by Mr. Justice Candler, and the cases in our reports collected. It seems to us that the peculiar facts of the present case are clearly such as to authorize a court of equity to grant relief to the creditor. The creditor has no remedy at law. By the proceeding in bankruptcy he has been deprived of his legal remedy, and he should be entitled to relief in a court of equity. The goods exempted are, as above stated, in the nature of a security for the payment of the debt. They were about to go into the hands of the debtor, and, unless equity took jurisdiction, the creditor would be entirely deprived of its rights. It would be inequitable and unconscionable to allow this debtor, after having waived all homestead and exemption, to take these goods as an exemption, sell or dispose of them, eat them up, or squander them, while the creditor stood by without relief.

It was also claimed that the petition was premature, because the twenty days given for exceptions after the trustee had set

aside the exemption had not expired at the time the petition was filed. We see no merit in this objection. The creditor had not gone into the bankrupt court. Had he done so, as we have shown, he could have obtained no relief. Had he filed exceptions to the setting apart of the exemption, his complaint would not have been heard. Woodruff *v.* Cheeves, 5 Am. B. R. 296. The only thing he could do was to file this petition and have a receiver appointed to take possession of the property when the trustee was ready to turn it over. We think it does not matter whether he filed his petition before or after the expiration of the twenty days allowed for exceptions to the trustee's report. Doubtless the bankrupt court will defer the discharge of the bankrupt in accordance with the ruling in the Lockwood case, supra, until the creditor can have an opportunity to obtain a judgment against the exempted property. If the judgment prayed for is rendered, the goods would be subject thereto. Of course the State court is without power to take the property out of the hands of the court of bankruptcy, but it can, as was done in the present case, appoint a receiver to take charge of the property as soon as the trustee is ready to turn it over. The creditor in the present case has pursued the course suggested by the referee in bankruptcy in re Ogilvie, 5 Am. B. R. 374.

*Judgment affirmed. All the Justices concur.*