### In re CASTLEBERRY.

(District Court, N. D. Georgia, N. W. D.   December 2, 1905.)

**1. BANKRUPTCY—EXEMPT PROPERTY—JURISDICTION OF COURT OVER.**

A court of bankruptcy has no jurisdiction over exempt property of the bankrupt, except to set the same aside, and where the exemption is claimed in money in the hands of the trustee, upon which a creditor claims an equitable lien superior to the exemption right the bankruptcy court can do no more than to set aside the exemption, direct the trustee to hold the fund until proceedings to determine the right thereto can be instituted in a court of competent jurisdiction, and in the meantime to withhold a discharge.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 672-674.]

**2. SAME—RIGHT TO EXEMPTION—GEORGIA STATUTES.**

The good faith required of a debtor by Code Ga. 1895, § 2830, to entitle him to his homestead exemption, as such section is construed by the Supreme Court of the state is in making a full and fair disclosure of his property, and a court of bankruptcy is not justified in denying his exemption because of his fraud in other respects.

In Bankruptcy.   On objections to allowance of bankrupt's exemption.

Payne & Payne, for bankrupt.

R. J. & J. McCamy, for creditors.

King, Spalding & Little, for surety company.

NEWMAN, District Judge.   It is unfortunate, perhaps, that the machinery of the bankruptcy court is not such as would authorize the court to turn over the money in the hands of the trustee, less expenses, to the authorities of the county of Dade, at least so much of it as has been derived from a sale of the real estate.

It seems entirely clear from the evidence that this real estate was bought with the money of the county; the checks given to pay for the same appearing to have been signed by the bankrupt as "county treasurer."   What may be the truth as to the money realized from a sale of the stock of merchandise, seems rather more difficult to determine. The bankrupt, it is conceded, owes over $17,000 to mercantile creditors.   The rights of Dale county and the mercantile creditors, respectively, can be determined hereafter, in a court of competent jurisdiction. The trustee in bankruptcy takes no title to exempt property, and the only jurisdiction that a court of bankruptcy has, as to exempt property, is for the purpose of setting it apart, and after hearing any question raised as to the right of exemption, to either refuse or approve the exemption, and have it turned over to the bankrupt.   Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451].

It is thoroughly settled now that the bankrupt court will not undertake to enforce debts claimed to be good against the homestead or exemption.   Such is the ruling of this court in Re Camp (D. C.) 91 Fed. 745; In re Wright (D. C.) 96 Fed. 187, following In re Bass, 3 Woods, 382, Fed. Cas. No. 1,091, the opinion being delivered by Mr. Justice Bradley.   This is now thoroughly settled by the Supreme

Court in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061.

The decisions referred to were all with reference to notes containing a waiver of homestead exemption, but the same rule would be applicable in a case like this, where it is claimed that it is subject to an execution issued by the ordinary of the county, for the amount of the defalcation of the county treasurer. I do not differ at all with the referee in holding that the rights of the county of Dade are superior to the right of the bankrupt to his exemption in the sense that the county's claim against the amount of the exemption can be enforced, and the money paid ultimately to the county, rather than to the bankrupt. The same is true, however, of a note waiving homestead and exemption; but that is no reason why the exemption should not be set apart. But under the ruling of the Supreme Court in Lockwood v. Exchange Bank, the court will refuse a discharge until opportunity can be given to the creditors whose debts are good against the exemption, to enforce the same in a court of competent jurisdiction. Of course, where the exemption claimed, as in this case, is in money held by the trustee, the bankruptcy court would hold the fund and protect it until proper proceedings can be instituted and the money sequestered by a court of competent jurisdiction, for the benefit of parties at interest. The referee having inadvertently found that the equitable title to this fund in the hands of the trustee was in the county of Dade, by an amendment to his decree, found that the title was in the bankrupt, subject to an equity, under the facts, in favor of the county. This being true, and the only ground upon which the exemption was denied being, it would seem, the outrageous character of the transaction, and the strong equity in favor of the county, it seems to me wholly insufficient, under the well-established practice to refuse to approve the exemption.

I have hesitated considerably, in view of the peculiar facts in this case, as to whether a case was not made under section 2830 of the Code of Georgia of 1895, for denying the homestead on the ground that the bankrupt has not acted in perfect good faith. I think, however, a careful examination of the section referred to, and the decisions of the Supreme Court of the state on the question, that the first part of section 2830, which requires the bankrupt to act in perfect good faith, is qualified by what follows in the section, and that the good faith required is in making a full and fair disclosure of his personal property. The whole language of the section, I think, shows this, and it is especially shown by the following:

"The debtor guilty of willful fraud in the concealment of part of his property from his creditors, of which he is possessed when he seeks the benefit of the exemption, shall, on account of his fraud, lose the benefit of such exemption, and his property shall be subject to the payment of all just debts which he owed at the time such fraud was committed," etc.

It is in the making of a free and fair disclosure of property that good faith is required. I do not see how the ordinary could have refused to set apart the exemption, the county and other creditors having the right, of course, to enforce their claims against it in the proper manner. If this be true, the court of bankruptcy should do the same.

In Lockwood v. Exchange Bank, supra, Mr. Justice White, delivering the opinion of the court, says:

"We think that the terms of the bankruptcy act of 1898, above set out, as clearly evidence the intention of Congress that the title to the property of a bankrupt, generally exempted by state laws, should remain in the bankrupt, and not pass to his representative in bankruptcy, as did the provisions of the act of 1867, considered in Re Bass. The fact that the act of 1898 confers upon a court of bankruptcy authority to control exempt property in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, affords no just ground for holding that the court of bankruptcy must administer and distribute, as included in the assets of the estate, the very property which the act, in unambiguous language, declares shall not pass from the bankrupt, or become part of the bankruptcy assets. The two provisions of the statute must be construed together, and both be given effect. Moreover, the want of power in the court of bankruptcy to administer exempt property is, besides, shown, by the context of the act; since throughout its text, exempt property is contrasted with property not exempt, the latter alone constituting assets of the bankrupt estate subject to administration. The act of 1898, instead of manifesting the purpose of Congress to adopt a different rule from that which was applied, as we have seen, with reference to the act of 1867, on the contrary, exhibits the intention to perpetuate the rule, since the provision of the statute to which we have referred in reason is consonant only with that hypothesis."

It seems to me clear, therefore, that the bankruptcy court only took the property in this case, as in cases of all property claimed as exempt, for the purpose of setting it aside, and it never became, except in that limited way, a part of the assets in bankruptcy. No other reason for refusing the exemption is shown except that Dade county has a lien of the highest character on the fund so set apart. This it can readily enforce by instituting proper proceedings for that purpose.

The action of the referee is disapproved, but he is directed to require the trustee to hold the fund claimed as exempt, to allow the county of Dade, and all other creditors, a reasonable opportunity to enforce against such funds in proper courts their respective claims.