## BROOKS *v.* BRITT-CARSON SHOE COMPANY.

This case is controlled by that of *Bell* v. *Dawson Grocery Company,* 120 *Ga.* 628 (48 S. E. 150).

Submitted July 13,—Decided August 12, 1909.

Injunction and receiver. Before Judge Worrill. Early superior court. February 22, 1909.

*W. F. Weaver* and *Glessner & Park,* for plaintiff in error, cited Civil Code, §4539; 122 *Ga.* 333; 124 *Ga.* 544.

*Howard & Bowden* and *R. Terry,* contra.

EVANS, P. J. J. A. Brooks, a merchant, bought of the Britt-Carson Shoe Company, on credit, a certain amount of shoes, and, before paying therefor, was adjudicated a bankrupt on his voluntary petition, and claimed an exemption in the shoes, which exemption was duly set apart by the bankrupt court. Before the time had expired for the trustee to turn over the property to the bankrupt, the Britt-Carson Shoe Company filed its petition seeking to restrain him from taking possession of the shoes for which the purchase-money had not been paid, and also praying for a reeciver to take charge of the shoes, and for a judgment in rem for the unpaid purchase-money. It was alleged, that the plaintiff had not proved its claim in bankruptcy, nor reduced its claim to judgment, nor accepted any dividend from the bankrupt's estate; that the property would be destroyed in its use; that the plaintiff

could not proceed at law against the bankrupt, because of the bankruptcy proceedings, although its claim for the purchase-money is superior to the homestead exemption; and that unless the relief prayed for should be granted, the plaintiff would be without remedy. Upon this petition the court granted a rule nisi to show cause, and on the hearing enjoined the bankrupt from taking possession of the shoes admitted in his answer not to have been paid for, and appointed a receiver. To this order the defendant excepted.

The petition in this case was modeled after that in *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628 (48 S. E. 150). In that case it was held that the remedy of a creditor whose debt was evidenced by a note containing a waiver of homestead was, in a court of equity, to obtain a judgment in rem against the exempted property, subjecting it to his claim; and that where such property is personalty of a perishable nature, or such as will be destroyed in its use, to have appointed a receiver to take charge of such property until the judgment in rem could be obtained. The only difference between the *Bell* case and the instant case is, that in the former the creditor's demand was upon notes containing a waiver of homestead, while in the latter the creditor's demand is upon open account for the purchase-money. The constitution of this State declares that a homestead shall be subject to a judgment for the purchase-money; and the plaintiff's right to the relief sought is based upon the fact that its demand is superior to the homestead, and that this right can not be enforced unless it is granted the relief prayed for. In the *Bell* case the priority of the debt over the homestead exemption was because of a contract between the parties; in the case sub judice the law itself gives to the creditor a superior claim; and the latter may as well be enforced in a court of equity, in a proceeding like that now under review, as the former.        *Judgment affirmed.    All the Justices concur.*