In re MITCHELL

(District Court, N. D. Georgia.  January 27, 1910.)

No. 2,317.

BANKRUPTCY (§ 405*)—DISCHARGE—STAY.
    A creditor of a bankrupt, holding notes containing a waiver of exemption and homestead rights, is entitled to have the discharge of the bankrupt stayed for a reasonable time to enable him to assert his rights in a state court, even though, because no claims were filed and no trustee appointed, there was no formal setting off of the exemption claimed.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 405.*]

In Bankruptcy. In the matter of J. T. Mitchell, bankrupt. On petition for stay of bankrupt's discharge. Stay granted.

Geo. W. Brooks, for bankrupt.
Horton Bros. & Burress, for petitioner.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NEWMAN, District Judge. It appears that J. T. Mitchell filed his petition in bankruptcy and that on November 24, 1908, he was adjudged a bankrupt and the case referred to a referee; that the referee sent notices to all creditors, including the petitioner now before the court, asking that the bankrupt's discharge be stayed. It further appears that the bankrupt scheduled certain property, principally real estate, valued at $900, and asked that same be set apart to him as exemption under the law of Georgia. The value of the property as stated in the schedule and in the application for exemption is less than the homestead in this state.

On the date set for the meeting of creditors no one appeared, and no trustee was appointed, and consequently the property set out in the schedules was not administered, and, there being no trustee, it was never formally set apart as an exemption. On the 8th of November, 1909, the bankrupt made application for discharge. Notice has been given and the application is ripe for a hearing. The present petitioner, C. M. Coffey, sets out that he holds against the bankrupt certain notes in which there is a waiver of homestead exemption, and asks that the discharge be stayed to give him an opportunity to enforce his notes in the state courts, in accordance with the decision in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061.

If the homestead had been formally set apart to Mitchell, there would be no question whatever as to the right of the creditor holding waiver notes to have the discharge stayed a reasonable time, to give him an opportunity to set up and enforce any rights he might have in a court of competent jurisdiction. In Lockwood v. Exchange Bank Mr. Justice White, delivering the opinion of the court, says:

"Certainly there would exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor in the case at bar, an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceeding as might be necessary to make effective the rights possessed by the creditor."

This ruling is emphasized by the ruling of the Supreme Court of Georgia in Bell v. Dawson Grocery Company, 120 Ga. 628, 48 S. E. 150. It seems evident from the record in this case that the creditors deemed the bankrupt entitled to his exemption, and therefore did not take the trouble to prove their claims in bankruptcy. At the same time it is true that it was never formally set apart as a homestead exemption. What the rights of the creditor holding these waiver notes would be in the state courts it would be improper for me to say, even if I had any opinion about it, and I have not. I think the only proper course for me to pursue is to stay the discharge of the bankrupt for a reasonable time to let the matter be presented to the state court and there determined.

An order will be entered postponing the consideration of the application for discharge for 60 days, to give the petitioning creditor an opportunity to assert whatever rights he may have in the state court.