### In re J. E. MAYNARD & CO.

(District Court, N. D. Georgia. December 13, 1910.)

1. BANKRUPTCY (§ 400*)—EXEMPTION—SCHEDULE—PETITION.

In a bankrupt's schedules under Schedule B (5), entitled "property claimed to be exempt," was a recital that the bankrupt claimed as exempt $1,600 of goods from the stock of goods, located, etc., and locked up under an attachment in a storehouse at V., Ga.; that the exemption was claimed under Civ. Code Ga. 1895, § 5912, or, in lieu thereof, such sum of money as was obtained by a sale of the property marked "exempt. [Signed]," etc. The schedule was attached to a petition reciting that the bankrupt was a married man having a wife and children, and was entitled under the Constitution and laws of Georgia to a homestead of $1,600 out of the stock of goods located, etc., and that he requested the court to allow him to point out such property from which he could secure such homestead. *Held* a sufficient application and schedule to justify allowance of the exemption.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

2. BANKRUPTCY (§ 398*)—REQUISITES—FRAUD—PURCHASE MONEY—NECESSITY OF PAYMENT.

Const. Ga. art. 9, § 1, par. 1 (Civ. Code 1895, § 5912), provides for an exemption of the property of every head of a family out of realty or personalty or both to the value in the aggregate of $1,600, and the next section declares that no court or ministerial officer shall have jurisdiction or authority to enforce any judgment, execution, or decree against the property set apart for such purpose including improvements except for taxes, purchase money, etc. *Held* that, so far as a bankrupt's exemptions under such act are concerned, the bankruptcy court takes the property only for the purpose of setting it aside; it never becoming, except for that purpose, a part of the bankrupt's assets, and hence it was no objection that certain of the property claimed as exempt was subject to a lien for purchase money, as such lien would follow the property and be enforceable against the same in the hands of the bankrupt, notwithstanding the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 398.*]

In Bankruptcy. In the matter of bankruptcy proceedings of J. E. Maynard & Company. On petition to review a referee's order declining to approve the acts of trustees setting apart $1,600 out of the bankrupt's assets as a homestead exemption under the state law. Order reversed, and exemption approved.

Robert T. Daniel, for applicant Hasten.

J. W. Wise and Hewlett & Dennis, for objectors.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NEWMAN, District Judge. The trustee in this case set apart to E. I. Hasten $1,600 out of the sale of the stock of goods as exemption under the Constitution and laws of Georgia.

The referee declined to approve the action of the trustee in setting it apart for the reasons, as he says: First, that there was no sufficient application or schedule filed; second, that there was no sufficient application for the property said to be exempt; and, third, that the purchase money, according to the testimony of the claimant and the other members of the firm, for at least half of the goods in the store at the time the proceedings commenced, had never been paid, and according to the other witnesses the proportion of the goods which had not been paid for is no larger, and no effort has been made by the claimant to separate the articles paid for from those not paid for, but, on the contrary, claimant testified that it was impossible to separate and identify them. The referee cites White v. Wheelan, 71 Ga. 533, 534, and Phelps v. Porter, 40 Ga. 485.

In the schedule filed by the bankrupt, this appears, under Schedule B (5), property claimed to be exempted:

"Bankrupt claims an exemption of $1,600 in goods from the stock of goods located at Vaughn, Ga., and which is now locked up under an attachment from the Spaulding superior court in the storehouse at Vaughn, Ga. This exemption is claimed under section 5912 of the Civil Code of Georgia of 1895, or in lieu thereof such sum of money as is obtained by the sale of the said property. Said property is marked exempt.    [Signed]  I. E. Hasten."

To this schedule is attached a petition in which this occurs:

"Bankrupt says that he is a married man and has the support of his wife, Eliza Hasten, and five minor children, Guy, Ruth, Max, Claud and Henry, that he is entitled under the Constitution and laws of Georgia to a homestead of $1,600 out of the stock of goods located in the storehouse at Vaughn, Ga., and he respectfully requests the court to allow him to point out such property from which he can secure the said homestead."

It seems to me that this is about all the bankrupt could have done under the circumstances and considering the situation of the goods, in claiming his exemption out of the same, or out of the proceeds arising from the sale of the goods.

Subsequently, during the receivership, an order was made for the sale of the goods. The sale was made and approved, and after the trustee was elected he set apart to the bankrupt $1,600 in cash out of the proceeds of the sale of the stock of goods.

In view of all this, there does not seem to be any serious objection to the manner in which the application for exemption was made or to the action of the trustee in setting it apart, provided Hasten was otherwise entitled to the exemption.

The principal question made and argued at the bar is whether, in Georgia, the bankruptcy court, following, as it will, the state law with reference to the allowance of exemptions, will set apart an exemption out of property where the purchase money of the same has not been paid, and applying the inquiry more particularly to the facts of this case, as to whether such exemption will be granted where it appears that the purchase money of a large part of a stock of goods is unpaid, and it is impossible to seggregate goods on which the purchase money

had not been paid from those on which it may have been paid. Counsel for the objecting creditors relies upon the rule which has been adopted by the courts in other states, to the effect that it is the duty of a person claiming an exemption under such circumstances—that is, where goods paid for have been mingled with goods not paid for—to take the burden of pointing out and showing clearly what goods have been paid for, before he can have the exemption allowed, and then only to the goods which had been paid for.

Whether there be such a rule in Georgia it is unnecessary to say here, because the case is controlled in an entirely different way and must be decided for entirely different reasons.

The Constitution of Georgia provides (article 9, § 1, par. 1 [Civ. Code 1895, § 5912]) as follows:

"There shall be exempt from levy and sale, by virtue of any process whatever under the laws of this state, except as hereinafter excepted, of the property of every head of a family, or guardian or trustee of a family of minor children, or every aged or infirm person, or person having the care and support of dependent females of any age, who is not the head of a family, realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars."

The next section of the Constitution (of the Code, § 5913) is as follows:

"No court or ministerial officer in this state shall ever have jurisdiction or authority to enforce any judgment, execution or decree, against the property set apart for such purpose, including such improvements as may be made thereon from time to time, except for taxes, for the purchase money of the same, for labor done thereon, for material furnished therefor, or for the removal of incumbrances thereon."

It would seem, therefore, that the scheme of the Constitutional provision is that the homestead should be set apart, and that, after being so set apart, it is subject to the taxes, purchase money, etc. There are a number of decisions by the Supreme Court of the state on the question as to whether or not the ordinary, in passing upon the exemption under the state law, has any jurisdiction to entertain an objection on the ground that the purchase money has not been paid. These opinions are all cited and discussed, and a conclusion reached, in the opinion of Judge Lumpkin, for the Supreme Court, in Dix v. Dix, 132 Ga. 630, 64 S. E. 790.

The objections which are permissible under the law of Georgia, when application is made to the ordinary for homestead exemption, are stated in Civ. Code 1895, § 2836, as follows:

"Should any creditor of the applicant desire to object to said schedule, for want of sufficiency and fullness, or for fraud of any kind, or to dispute the valuation of said personalty, or the propriety of the survey, or the value of the premises so platted as the homestead, he shall, at said time and place of meeting, specify the same in writing."

And the ruling of the court in Dix v. Dix clearly is that these are the only objections that can be heard to allowing or setting apart the homestead before the ordinary, leaving parties having claims which are good against the exempted property to enforce them in courts of

competent jurisdiction, or in a proper way, notwithstanding the fact that the property is set apart as ordinarily exempted.

A similar question was before this court and determined in Re Castleberry (D. C.) 143 Fed. 1018. In that case taxes coming into the hands of the county treasurer had been paid for real estate for which he had taken title in his own name. The county was one of the objectors to the allowance of the exemption, and, while it was recognized that the claim of the county would be good even against an exemption, still it was held that the only thing that a court of bankruptcy could do would be to set aside the property and allow the county, as well as other creditors, to propound their claims in a court having jurisdiction of the matter. The court in that case cited In re Camp (D. C.) 91 Fed. 745; In re Wright (D. C.) 96 Fed. 187, etc. In this the court followed In re Bass, 3 Woods, 382, Fed. Cas. No. 1,091, decided by Mr. Justice Bradley. Also, Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061.

The result of the examination of the authorities and the application of the same to the facts in that case was expressed as follows:

"It seems to me clear, therefore, that the bankruptcy court only took the property in this case, as in the case of all property claimed as exempt, for the purpose of setting it aside, and it never became, except in that limited way, a part of the assets in bankruptcy. No other reason for refusing the exemption is shown except that Dade county has a lien of the highest character on the fund so set apart. This it can readily enforce by instituting proper proceedings for that purpose."

The recent decisions of the Supreme Court of Georgia are in line with this view of the matter. Bell v. Dawson Grocery Co., 120 Ga. 628, 48 S. E. 150, and Brooks v. Britt-Carson Shoe Co., 133 Ga. 191, 65 S. E. 411.

The result of the foregoing is that I must differ with the referee in reference to approving the action of the trustee in setting apart the exemption claimed by Hasten in this case. The exemption being in cash, however, and it appearing that there will be creditors with claims which they will desire an opportunity to enforce against the fund notwithstanding its being set apart as an exemption under the Constitution and laws of Georgia, the fund will be held by the trustee for a reasonable time to give opportunity to creditors having such claims to take steps to enforce the same. This the court did in the Castleberry Case, and I think it is in line with the views of the Supreme Court in the Lockwood Case.

The action of the trustee in setting apart the exemption will be approved, and the exemption held by the trustee for a reasonable time to await the action of the creditors having claims which they desire to enforce against the exemption in such way as they may be advised.