B. H. DREES, Appellant, v. ALEXANDER ARMSTRONG, Appellee.

**BANKRUPTCY:** Right of Bankrupt—Exemptions—Jurisdiction of
1 Bankruptcy Court. Principle recognized that a court of bank-ruptcy has jurisdiction to pass upon the question whether cer-tain property of the debtor is exempt under the state law.

**BANKRUPTCY:** Discharge of Bankrupt—Staying Discharge in Or-
2 der to Test Question of Exemption. A creditor who files his claim in bankruptcy court must secure an order staying the

entry of "discharge of the bankrupt from provable debts," *provided he wishes to test in the state court his right to proceed against the debtor's exempt property.* So held where, after discharge, the creditor claimed that, by reason of the nature of his debt, he might proceed in the state courts against the debtor's homestead.

BANKRUPTCY : Discharge of Bankrupt—Subsequent Attempt to Proceed Against Homestead. While the bankruptcy court can do nothing to relieve the debtor's exempt property from subsequent attack in the state court, yet the final order discharging the bankrupt from provable debts *terminates the relation of debtor and creditors,* and thereby carries down not only the creditor's claim, but necessarily the creditor's right to subject exempt property (a homestead) to the satisfaction of the claim.

ESTOPPEL: Equitable Estoppel—Non-change of Position. A "change of position" is an essential element of an estoppel. So held where attempt was made to base an estoppel on a party's inconsistent conduct in the bankruptcy and state courts.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

SATURDAY, JANUARY 20, 1917.

REHEARING DENIED TUESDAY, MAY 22, 1917.

A sufficient statement of the case will be found in the opinion.—*Affirmed.*

*L. H. Salinger,* for appellant.

*Lee & Robb,* for appellee.

WEAVER, J.—On July 27, 1904, Alexander Armstrong, being indebted to plaintiff upon certain promissory notes, filed his petition in voluntary bankruptcy in the District Court of the United States for the Southern District of Iowa. On August 5, 1904, Armstrong was by said court duly adjudged a bankrupt. The bankrupt properly listed the plaintiff as one of his creditors. He also scheduled his

property and assets, including his homestead, for which he claimed exemption. On August 15, 1904, plaintiff appeared in said proceedings and filed and proved his claim as a creditor entitled to share in the distribution of the bankrupt estate. On September 30, 1904, the trustee in bankruptcy reported to the court, allowing the bankrupt's claim of exemption for his homestead, and setting it off as not being subject to sale for the benefit of creditors. On October 7, 1904, the plaintiff again appeared in the bankruptcy proceedings and filed exceptions to the report of the trustee, setting off the exempt property, on the ground that the debt to plaintiff was contracted prior to the acquirement of the homestead by Armstrong, and that such homestead was, therefore, not exempt from liability for the payment of his claim, and asked that a hearing and argument be allowed upon his objection. Notwithstanding this exception, the bankruptcy court proceeded, on October 28, 1904, to enter its order and judgment finding that Armstrong has conformed to all the requirements of law in such cases and discharging him from all debts and claims provable against his estate and existing on the date of the filing of the petition in bankruptcy. Thereafter, on November 10, 1904, Armstrong, in resistance to the plaintiff's application for further hearing on the question of homestead exemption, set up the order and judgment of final discharge from the claims of his creditors, including plaintiff's claim, also alleging that the bankruptcy court had no jurisdiction over the property so set off to him as exempt, and that, "if plaintiff has any right or claim thereto or therein, the same must be presented in the courts of the state of Iowa." In this state of the record in the Federal court, the plaintiff, on November 22, 1904, began this present action at law to recover from Armstrong the amount alleged to be unpaid on the same promissory notes which had been made the basis of his claim in the bankruptcy proceedings. In aid of such

action, he sued out a writ of attachment, and caused it to be levied upon the homestead property. Thereafter, on December 31, 1904, and while this action was pending in the state court, plaintiff again appeared in the bankruptcy court and amended his objections to the report of the trustee, which set off Armstrong's homestead as exempt, stating more specifically the grounds for denying 'the exempt character of such homestead as against plaintiff's claim, and asking an order to the effect that such property was not exempt from payment of said claim, and that the deficiency remaining unpaid after the settlement of the bankrupt estate may be satisfied from said homestead "in any proceeding had in the state court where the same is situated and over which property said court has jurisdiction." Thereafter, on the same day, the referee in bankruptcy entered an order overruling plaintiff's objections to the report of the trustee and setting aside such homestead as exempt. This order seems to have terminated all proceedings in the matter in the Federal court.

Turning once more to the record in the present case, we find that defendant appeared and answered plaintiff's petition, admitting the execution and delivery of the notes. He also admits his ownership of the attached property, and pleads its exemption against the plaintiff's demands, and denies that he is in any manner indebted to plaintiff on account of such notes. He further pleads his discharge in bankruptcy as a complete defense to the claim sued upon, and also sets up the proceedings and orders in the bankruptcy court sustaining his claim of homestead exemption. In reply, plaintiff admits all the proceedings in the bankruptcy court substantially as pleaded by the defendant, but avers, in substance, that said court did not attempt to pass upon or adjudicate the merits of plaintiff's claim of right to subject the homestead to payment of the debt due him, but declined to assume or exercise jurisdic-

tion for that purpose. He further pleads, by way of es-
toppel, that defendant cannot be heard to rely upon the al-
leged adjudication of the Federal court, or to deny the
right or authority of the state court to subject the home-
stead to the payment of his claim. The ground of the al-
leged estoppel, stated in the language of the pleader, is as
follows:

"Such estoppel arises and is created by the fact that, in
said bankruptcy proceedings, this defendant claimed and
asserted to and before said bankruptcy court that it had
no jurisdiction to determine the very matters now pre-
sented for adjudication to this court, and that defendant
prevailed upon said claim and contention, and thereby in-
duced said bankruptcy court to refrain from entering said
controversy, and from administering upon said real estate,
and Drees from applying for a stay of said discharge pend-
ing proceedings in the appropriate state court, and induced
plaintiff to abandon all further proceedings in said bank-
ruptcy court, and to bring this suit in state court. And
plaintiff avers that defendant, having been successful, and
inducing by said means to have a bankruptcy court thus
act, and refrain from acting, and to have plaintiff thus act
and refrain from acting, and having thus induced this by
the claim that the courts of the state of Iowa had jurisdic-
tion, and that said bankruptcy court did not have it, de-
fendant is now estopped from saying to this court that said
bankruptcy court did have, and this court does not have,
jurisdiction to determine this controversy."

To this reply the defendant demurred, stating many
grounds therefor, which may perhaps be condensed into the
following:

(1)   That the reply in no manner attacks or impeaches
the binding force or effect of defendant's discharge in bank-
ruptcy, which is in itself a complete answer to plaintiff's
alleged right of action.

(2) That it appears upon the face of the admitted record that defendant had been discharged in bankruptcy long before plaintiff attempted to invoke the jurisdiction of the state court.

(3) That it affirmatively appears that plaintiff never made any application to the bankruptcy court to stay the final discharge of the bankrupt to enable the plaintiff to pursue his remedy, if any he had, in the state courts; and that such discharge operated to release him from the claims asserted by plaintiff in the same manner and to the full extent in which he was released from the claims of his other creditors.

(4) That, plaintiff having admitted that he had no lien on the homestead to secure payment of his claim, such claim gave him no preferred standing in the bankruptcy proceedings, and, after he had filed and proved his claim in those proceedings and obtained the benefit thereof, the discharge of the bankrupt necessarily operated to take away any right to pursue the debtor or his property in any other court.

(5) That the pleadings or resistance filed to plaintiff's objection to the trustee's report (which pleading was filed after the judgment of final discharge of the bankrupt was entered) properly raised the question whether such court could then withdraw from the defendant his right of homestead exemption, and it does not appear that the position there taken by the defendant operated in any manner to deceive plaintiff, or to induce him to refrain from asking or procuring a stay of the proceedings in that court in order to permit this present action to be tried out.

The district court sustained the demurrer, and, the plaintiff refusing to amend his reply and electing to stand thereon, the court entered judgment for the defendant, and plaintiff appeals.

The case appears to have remained in a comatose con-

dition for some ten years after the final order in the bankruptcy proceedings. It has thus survived the defendant, who has since deceased. The widow and heirs at law have been substituted as defendants, but we have not thought it essential to change the caption of the case as found in the printed record.

I. The first and fundamental proposition argued by counsel for appellant is that the trustee in bankruptcy acquired no title to the exempt property, and that the act of the trustee, or of bankruptcy court, sustaining the defendant's claim of exemption for his homestead, had no effect to deprive plaintiff of his right to pursue such property in the state court for the collection of his claim. That the trustee did not take title to the exempt property, as he did to the property of the bankrupt estate generally, is to be admitted. Bankruptcy Act of 1898, Sec. 70-a; *Lockwood v. Exchange Bank*, 190 U. S. 294. But the bankruptcy court did acquire jurisdiction to pass upon the debtor's claim of exemption. Act of 1898, Chap. 2, Sec. 2. This jurisdiction the court did exercise, and found the property exempt, and thereafter, with such order standing unchanged, and there being no motion or request to stay the discharge of the bankrupt to enable plaintiff to pursue any remedy he might have in another forum, the court confirmed the proceedings had in the premises, and entered its judgment granting the defendant a final and complete discharge. The setting apart of that property and the judgment discharging the debtor would, therefore, seem to be a final and complete adjudication against the plaintiff to have such property subjected to his claim in that court. It may be conceded that the setting off of the exempt property had no effect to determine its exempt character as against any creditor suing in a state court; but this, as we shall see, is by no means decisive of the question brought up by this

1. BANKRUPTCY: right of bankrupt: exemptions: jurisdiction of bankruptcy court.

appeal. The paramount consideration, as we view the case, is not so much the operation or effect of the order of the bankruptcy court sustaining defendant's claim of exemption as it is the effectiveness and conclusiveness of the final judgment discharging the debtor.

2. BANKRUPTCY: discharge of bankrupt: staying discharge in order to test question of exemption. May a creditor, filing and proving a debt against a bankrupt, knowing that he is claiming a valuable item of property as exempt, stand by when such claim of exemption is sustained, and, without asking or moving to have the entry of final discharge stayed or suspended to enable him to pursue his alleged remedy in the state courts, permit such judgment and order of discharge to be entered, and then, without seeking in any manner to set aside the judgment or to have the same reviewed on appeal or otherwise, make the debt from which his debtor was discharged by the bankruptcy court the basis for a new recovery in the state courts? In our judgment this cannot be done. Counsel concedes that it was open to him to obtain an order suspending the entry of the judgment of discharge, and that this is a usual and approved practice in such cases. *In re Brumbaugh,* 128 Fed. 971; *In re Downing,* 148 Fed. 120; *In re Wells,* 105 Fed. 762; *In re Tiffany,* 147 Fed. 314, 317; *Roden Grocery Co. v. Bacon,* 133 Fed. 515; *In re Maher,* 169 Fed. 997; *In re Castleberry,* 143 Fed. 1018. Appellant cannot claim to have been the victim of any surprise or misconception of the exact situation. He was apparently represented by counsel at every stage of the proceedings. The defendant's claim of exemption was disclosed in the schedule filed at the outset, and the report of the trustee had been on file nearly 30 days when the final discharge of the debtor was entered. Counsel could not have been unaware that he was faced by the necessity of permitting the entry of such discharge and accepting its necessary consequences, or obtaining a stay

of such entry, affording him an opportunity to test his alleged rights in the state court. Since he failed to take the latter course, we think he cannot be heard to question the effectiveness of the discharge. There would be no necessity, and indeed no propriety, in the practice approved in the cases last above cited, if, without such stay of the order of discharge, the creditor could ignore the order and proceed in the state court just as if no discharge had been granted.

II. We are next asked to hold that, assuming the order of discharge to be entirely regular and effective for all the purposes contemplated by the Bankruptcy Act, it does not preclude the maintenance of this action. To this we cannot agree. The clear implication and effect of the several decisions hereinbefore cited are opposed to appellant's position in this respect. The exceptions to the effectiveness of a discharge which are enumerated in the Bankruptcy Act do not include such a case as this, and it is not within the province of the court to enlarge or add to the list of exceptions. But counsel says:

*3. BANKRUPTCY: discharge of bankrupt: subsequent attempt to proceed against homestead.*

"It is too clear for argument, whatever deductions may be drawn from the premise clearly established, that the bankruptcy court can give no one any rights in the exempt property of the bankrupt, even though the court has power to determine what shall be set aside, and to set that aside. The question is whether it follows that, therefore, the bankruptcy court can do nothing by a discharge which gives the bankrupt the right to retain exempt property against subsequent attack in state court, and can do nothing by the discharge which affects the right a creditor may have under state law to enforce his debt against the exempt property, set aside. The exact question is whether the use of language in the order of discharge, broad enough to protect

the bankrupt from the enforcement against him of all claims against all property remaining in the bankrupt, must not be limited so as to be operative only upon such retained property as was within the jurisdiction of the bankruptcy court when the order of discharge was entered. Can the bankruptcy court make any order which will affect dealing with property that in contemplation of law was never in its possession, and as to which it is conceded it could confer no rights upon any creditor?"

The argument is adroitly stated, but it overlooks the very essential element that, while the bankruptcy court can do nothing to relieve the debtor's exempt property against subsequent attack in the state court, or do anything which affects the right a creditor may have under state law to enforce his debt against exempt property, yet it is just as manifestly true that the party who makes such attack or attempts to enforce such a claim must be a creditor; he must have a debt or claim which the courts will recognize and enforce; and, if the very debt or claim so asserted has been wiped away in a valid bankruptcy proceeding, he can never reach the point where the question of exemptions becomes at all material. The adjudication of bankruptcy and the debtor's discharge cannot affect the subsequent status of property claimed to be exempt, but it does affect the question whether any legal relation of debtor and creditor survives between plaintiff and defendant as to any claim which was proved and allowed in such proceedings, and against the effect of which there is no claim of lien or charge of fraud.

III. The plea of estoppel has no substantial foundation. The paper in which the defendant questioned the jurisdiction of the court to consider plaintiff's objections to the report of the referee was not filed until after the discharge of the bankrupt had been en-

4. ESTOPPEL: equitable estoppel: non-change of position.

tered, and could, therefore, have had no effect or influence upon plaintiff's action in failing to ask that the entry of such order be stayed. Moreover, we may, for the purposes of this case, assume that the bankruptcy court, after the entry of the discharge, did refuse to entertain further jurisdiction in the premises. Indeed, the defendant himself contends that said court had no such jurisdiction, and in this counsel for appellant seem to agree; but neither denies the jurisdiction of that court to make or enter the order of final discharge, and this, as we have already stated, must be held to have released the defendant from all further legal liability on the debt.

The judgment of the district court is—*Affirmed.*

GAYNOR, C. J., EVANS and PRESTON, JJ., concur.