### EGGERS v. SUN SALES CORPORATION et al.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

#### No. 112.

1. COPYRIGHTS ⚖️55—OF BOOK NOT INFRINGED.

> A copyright of a book or pamphlet containing the official report of General Pershing relating to the war, with a portrait of the General on the cover and drawings of military scenes on the margins of the pages, *held* not infringed by a much similar book, containing the same report and similar, but not the same, portrait and drawings, which constituted the only portion of the book subject to copyright.

2. COPYRIGHTS ⚖️57—WHAT CONSTITUTES "INFRINGEMENT."

> "Infringement" of a book consists in the copying of some substantial and material part.

> [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infringement.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit by John H. Eggers against the Sun Sales Corporation, Herzig & McLean, Incorporated, and others. Decree for defendants, and complainant appeals. Affirmed.

Action is for infringement of the copyright of a book entitled "General Pershing's Story of the American Army in France." The book is a pamphlet,

consisting of the General's official report to the Secretary of War, bound in with a photograph of the writer and certain poems. The margins of most of the pages are ornamented with reproductions of drawings representing military scenes, and the cover is of white paper bearing on its front the title aforesaid and a drawing of General Pershing. The pamphlet was designed to be sold on the streets or bought in quantities for gratuitous distribution by the buyer, as is asserted in argument and not denied. As the publication was timely, the sales were remarkably large, and were to a considerable extent made through the individual defendants.

The alleged infringement is a pamphlet of substantially the same size, bound in white paper and entitled "General Pershing's Official Story of the American Expeditionary Forces in France." Defendants' pamphlet has likewise portraits of General Pershing on the cover and an interior page, but evidently not reproduced from the same original drawings or photographs as plaintiff's. It consists (as does plaintiff's) of the General's official report set forth on the same number of pages, and it is ornamented, not with pictures on the margin, but with representations of the corps and divisional badges of the A. E. F. in tinted ink on the page centers and supplemented by two of the three poems contained in plaintiff's pamphlets, but these two sets of verses were reprinted by both plaintiff and defendants by permission of the owners of the copyright thereof. Defendants' pages containing the poems are ornamented by drawings suggestive of war, but entirely different in detail from those of plaintiff's, though in both books the picture on the page bearing a poem is evidently thought to be appropriate to the subject of the poem.

The court below dismissed the bill, and plaintiff took this appeal.

Dunn, Goodlett, Massie & Scott, of New York City (Ralph L. Scott and Clifford E. Dunn, both of New York City, of counsel), for appellant.

Milton Mayer, of New York City (Goodman Block, of New York City, of counsel), for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] In form statutory copyright is effected by the act of the person claiming the privilege. What is registered is a "claim to copyright." Act March 4, 1909, c. 320, § 10 (Comp. St. § 9531). There is no provision for examination, as in the case of patents, and probably for that reason the act (section 3 [Comp. St. § 9519]) declares that protection is extended to "all the copyrightable component parts of the work copyrighted." The inference is that there may be in that for which claim is made much to which the protection of the act cannot extend. This is but recognition of law existing long before the present statute. Black v. Allen Co. (C. C.) 42 Fed. 618, 9 L. R. A. 433, and cases cited.

This action rests on copyright alone, though the pleadings contain an abandoned suggestion of unfair competition. Therefore the first inquiry is: What does the plaintiff's pamphlet contain that is copyrightable matter? Certainly not General Pershing's official report, that being a public document. Admitting this, plaintiff rests on the doctrine of Callaghan v. Meyers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547, and thereby necessarily likens the addenda, the ornamentation, and indeed the "get-up" of his pamphlet, to the original matter specified in that well-known decision as the original matter commonly added by reporters to judicial decisions. Considering that the official report,

standing alone, could not be copyrighted, we pass over the question whether what the plaintiff added, or any substantial portion thereof was in its nature copyrightable; we prefer to deal only with infringement.

[2] "Infringement" is a word not defined in our statute. It is assumed to be something already known to the law (section 25), and where the subject of copyright is a book, infringement consists in the copying of some substantial and material part thereof (Chatterton v. Cave, 3 App. Cas. 483). In this instance, defendants may be said to have copied nothing that was copyrightable in plaintiff's pamphlet, assuming that all was copyrightable except the report. What defendants did was to learn by handling plaintiff's pamphlet that there was a good market for the report, and so they imitated plaintiff's attractive get-up therefor.

This conduct may be called mean, but it is not punishable under the Copyright Act (Comp. St. §§ 9517 et seq.). It is even possible that defendants' printers set up the official report from a copy of plaintiff's book; identity of pagination leads to that suspicion; but legally that is not of sufficient importance to constitute infringement of copyright. Banks, etc., Co. v. Lawyers', etc., Co., 169 Fed. 386, 94 C. C. A. 642, 17 Ann. Cas. 957.

But, however unattractive in a business or moral sense defendants' conduct has been, it was open to any one to print and publish the public document in question, and there is as much original additional labor in defendants' selection of pictures as there was in plaintiff's selection of different pictures. In this sense the later publication, made up of matter open to the whole world can itself be called original and new. Chautauqua School v. National School, 238 Fed. 151, 151 C. C. A. 227. Assuming, then, that plaintiff's pamphlet contains any copyrightable matter, we are of opinion (1) that defendants' is not an infringement; and (2) that it may itself be pronounced a new and original work, in the very broad sense the law compels us to attach that name to trivialities having pecuniary value. Hein v. Harris (C. C.) 175 Fed. 877.

The decree appealed from is affirmed, but, under the circumstances, without costs.